UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-10339-PJB |
| ) | NH  CR04-213-01-PB |
| ) | VIOLATIONS: |
| v. ) | 18 U.S.C. §371 (conspiracy to defraud United States and |
| ) | to commit offenses) |
| TIMOTHY P. SCHROEDER and ) | 18 U.S.C. § 287 (False Claims Against United States) |
| STEVEN A. MILKIEWICZ, ) | 18 U.S.C. § 201 (Bribery of Public Official) |
| ) | 18 U.S.C. § 641 (Embezzlement of Public Monies) |
| defendants. ) | 26 U.S.C. § 7206(1) (subscribing false tax returns) |
| ) | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1.    At all times pertinent to this Indictment, defendant TIMOTHY P. SCHROEDER was a resident of Plymouth, Massachusetts and was employed as the Property and Procurement Administrator for the Clerk of Court for the United States District Court for the District of Massachusetts, hereinafter "the Court," a job he had held under one title or another for approximately twenty years.

2.    At times pertinent to this Indictment, as part of his duties as the Property and Procurement Administrator, defendant SCHROEDER oversaw the purchasing of office supplies and furnishings for use by the judges and judicial staff of the Court.

3.    Due in part to his long tenure in the position, defendant SCHROEDER became trusted by the Clerk of the Court and by the judges of the Court, who relied upon him to administer the Court's procurement policies and procedures in an efficient and ethical manner.

4.    At times pertinent to this Indictment, because of the trust placed in him defendant SCHROEDER was subject to little day-to-day supervision in his tasks as the Procurement and

Property Administrator. Effectively, defendant SCHROEDER determined who would be awarded the contracts for office supplies and furnishings.

5.    At times pertinent to this Indictment, procurement regulations under which defendant SCHROEDER operated and internal policies followed by the Court required that SCHROEDER to obtain multiple quotes and bids for contracts above a fixed dollar threshold.

6.    In or about 1997, the exact date being uncertain, defendant SCHROEDER created a business entity identified as MS & Associates, which purported to be an office supply business. In actuality, as defendant SCHROEDER well knew, MS & Associates was not an office supply business. It was a fictitious entity controlled by defendant SCHROEDER himself.

7.    At times pertinent to this Indictment, defendant SCHROEDER controlled a series of bank accounts in the name of MS & Associates. Defendant SCHROEDER also controlled a post office box in his name and that of MS & Associates.

8.    At all times pertinent to this Indictment, defendant STEVEN A. MILKIEWICZ was a resident of Scituate, Massachusetts. Defendant MILKIEWICZ owned and operated office supply businesses, including businesses known as "J. Cameron Company" and "C.J. Sales." In addition to owning J. Cameron Company and C.J. Sales, defendant MILKIEWICZ had worked for many years in the office supply business. As a result, he was familiar with, and had contacts at many office supply companies, and occasionally caused them to act on his behalf.

9.    At times pertinent to this Indictment, through J. Cameron Company, C.J. Sales and through other businesses known to the Grand Jury, defendant MILKIEWICZ did a large volume of business with the Court, selling office supplies such as personalized stationery for the Court's judges, letterhead, envelopes, toner for computer printers, and office furniture.

## COUNT ONE

## (Conspiracy to Defraud the United States - 18 U.S.C. § 371)

10.     Paragraphs 1 through 9 are re-alleged and incorporated herein.

11.     Between approximately 1997 and July 3, 2002, at Boston in the District of

Massachusetts and elsewhere,

TIMOTHY P. SCHROEDER

and

STEVEN A. MILKIEWICZ

defendants herein, together with others known and unknown to the Grand Jury, knowingly and

unlawfully conspired and agreed with each other to defraud the United States and an agency

thereof, to wit, the United States District Court for the District of Massachusetts.

## OBJECTIVES OF THE CONSPIRACY

12.     A major purpose and objective of the conspiracy was to enable MILKIEWICZ to

profit from selling goods and services to the Court, without submitting to genuine competitive

bidding.

13.     Another major purpose and objective of the conspiracy was to enable

MILKIEWICZ to steal money from the United States by charging for goods in services that were

not actually delivered, in whole or in part, to the Court.

14.     Another major purpose and objective of the conspiracy was to enable

SCHROEDER to profit from his abuse of his position as the Property and Procurement

Administrator for the Clerk of Court by sharing in the proceeds of MILKIEWICZ's fraudulent

dealings with the Court.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the conspirators accomplished the goals of the conspiracy included, among others, the following:

15.    Beginning in or about 1997, defendants SCHROEDER and MILKIEWICZ agreed to and did work together to defraud the United States by rigging the bidding process for the provision of office supplies and furniture to the Court, in order to ensure that defendant MILKIEWICZ would be the successful bidder.

16.    The scheme worked in several different ways, all designed to ensure that the defendants controlled the bidding process and prevented open and fair competitive bidding.

17.    On some occasions, defendant MILKIEWICZ submitted to the Court multiple bids under the names of different companies, thus ensuring that he benefitted. On other occasions he caused bids to be submitted to the Court in the names J. Cameron Company and C.J. Sales, while defendant SCHROEDER submitted to the Court a third bid from MS & Associates.

18.    On some occasions, defendant MILKIEWICZ fabricated bids, which purported to come from companies where defendant MILKIEWICZ had worked previously and or with whom he had some connection. MILKIEWICZ would than have J. Cameron Company or C.J. Sales underbid the forged bids. On some occasions, defendant STEVEN A. MILKIEWICZ arranged for one or another competitor company to submit an intentionally high bid, knowing that he could bid lower through J. Cameron Company or C.J. Sales. On some occasions, defendant STEVEN A. MILKIEWICZ arranged for a putative competitor to submit the low bid, but then arranged for a portion of that competitor's profit to be turned over to him.

19.    The result of these various sham bidding arrangements was to create the false impression that defendant SCHROEDER had complied with rules and regulations that required the solicitation of multiple bids.

20.    As part of their conspiracy and scheme, the defendants agreed that defendant SCHROEDER would be paid for his role in awarding the contracts to defendant MILKIEWICZ.

21.    One method used to compensate defendant SCHROEDER was to arrange for the Court pay defendant MILKIEWICZ for goods that were not actually delivered.  The defendants split the overpayments, with defendant SCHROEDER receiving a kickback, usually in cash, from defendant MILKIEWICZ.

22.    As a result of the scheme and agreement between the defendants, the Court overpaid for many of the supplies it purchased, and did not receive the benefit of an honest bidding process for office supplies and furnishings.

23.    During the course of the conspiracy, MILKIEWICZ and SCHROEDER caused the Court to pay approximately $155,000 in excess charges for items provided to the Court, and an additional $107,000 for goods that were never delivered.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, the following individuals did the following acts, among others:

#### October 1998 Transaction

24.    On or about October 27, 1998, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $1,004.50 purportedly in payment for printed checking envelopes.  As defendant SCHROEDER well knew, the envelopes at issue had been paid for during August 1998.

-5-

December 1998 - January 1999 Transaction

25.    On or about December 23, 1998, defendant MILKIEWICZ caused to be submitted to the Court two price quotes for 5400 bar-code labels, one in the name of J. Cameron Company and another in the name of a company with which MILKIEWICZ was affiliated.

26.    In or about December 1998, defendant SCHROEDER caused to be submitted to the Court a price quote for bar-code labels, in the name of MS & Associates.

27.    In or about December 1998, defendant SCHROEDER caused the Court to order bar code labels from J. Cameron Company.

28.    On or about December 23, 1998, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $3,913.00 for 5400 labels.

29.    On or about January 12, 1999, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $5,252.96, which amount included $3,913.00 in payment for bar-code labels.

October 1999 Transaction

30.    On or about October 5, 1999, defendant MILKIEWICZ submitted to the Court an invoice, in the name of C.J. Sales, seeking payment of $8,760.00, purportedly for delivery of 240 cartons of copying paper. In actuality, no paper was delivered in connection with that invoice.

31.    On or about October 15, 1999, defendant SCHROEDER caused to be approved a voucher for payment to C.J. Sales in the amount of $8,760.00, as payment for copying paper that was never delivered.

January - February 2000 Transaction

32.    In or about January 2000, defendant MILKIEWICZ caused to be submitted to the Court at least three price quotes for toner and toner cartridges, including one in the name of C.J. Sales, another in the name of J. Cameron Company, and another in the name of a third company.

33.    On or about January 27, 2000, defendant SCHROEDER caused the Court to issue a purchase order for toner and toner cartridges to C.J. Sales, for a total price of  $24,861.25.

34.    On or about January 31, 2000, defendant MILKIEWICZ submitted to the Court an invoice, in the name of C.J. Sales, seeking payment of $24,861.25 for 334 items of toner and toner cartridges.

35.    On or about January 31, 2000, defendant SCHROEDER caused to be approved a voucher for payment to C. J. Sales in the amount of $4,356.25, in partial payment of the January 31, 2000 invoice for toner cartridges.

36.    In or about January and February 2000, defendant MILKIEWICZ caused to be delivered to the Court various toner and toner cartridges, which delivery contained only 248 items, rather than the 334 items set forth in the C.J. Sales invoice.

37.    On or about February 3, 2000, defendant SCHROEDER caused to be approved a voucher for payment to C. J. Sales in the amount of $20,505.00, thereby completing payment of the January 31, 2000 invoice for toner cartridges.

April 2000 Transaction

38.    In or about April 2000, defendant MILKIEWICZ caused to be submitted to the Court at least two price quotes for copier paper, including one in the name of C.J. Sales and another in the name of J. Cameron Company.

-7-

39.    On or about April 24, 2000, defendant SCHROEDER caused the Court to issue a purchase order for 600 cartons of copier paper to C.J. Sales, for a total price of $21,570.00.

40.    On or about April 25, 2000, defendant MILKIEWICZ submitted to the Court an invoice, in the name of C.J. Sales, seeking payment of $21,570.00 for 600 cartons of copier paper.

41.    On or about April 25, 2000, defendant SCHROEDER caused to be approved a voucher for payment to C. J. Sales in the amount of $21,570.00, in payment of the April 25, 2000 invoice for 600 cartons of copier paper.

42.    On or about May 1, 2000, defendant MILKIEWICZ caused to be delivered to the Court only 400 cartons of copier paper, rather than the 600 cartons set forth in the C.J. Sales invoice.

June 2000 Transaction

43.    On or about May 31, 2000, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $5,760.00 for 20 cases of white stationery paper.

44.    On or about June 1, 2000, defendant SCHROEDER caused the Court to issue a purchase order for 20 cases of white stationery paper to J. Cameron Company, for a total price of $5,760.00.

45.    On or about June 1, 2000, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $5,760.00, in payment for 20 cases of white stationery paper.

46.     On or about June 1, 2000, defendant MILKIEWICZ caused to be delivered to the Court only 10 cases of white stationery paper, rather than the 20 cases set forth in the J. Cameron Company invoice.

August 2000 Transaction

47.     In or about August 2000, defendant MILKIEWICZ caused to be submitted to the Court at least two price quotes for copier paper, including one in the name of C.J. Sales and another in the name of J. Cameron Company.

48.     On or about August 14, 2000, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $17,975.00 for 500 cartons of copier paper.

49.     On or about August 17, 2000, defendant SCHROEDER caused the Court to issue a purchase order for 500 cartons of copier paper to J. Cameron Company, for a total price of $17,975.00.

50.     On or about August 17, 2000, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $17,975.00, in payment for 500 cartons of copier paper.

51.     On or about August 18, 2000, defendant MILKIEWICZ caused to be delivered to the Court only 400 cartons of copier paper, rather than the 500 cartons set forth in the J. Cameron Company invoice.

September - October 2000 Transaction

52.     On or about September 28, 2000, defendant SCHROEDER caused the Court to issue a purchase order for 500 cartons of copier paper to J. Cameron Company, for a total price of $18,475.00.

53.     On or about October 6, 2000, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $18,475.00 for 500 cartons of copier paper.

54.     On or about October 10, 2000, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $18,475.00, in payment for 500 cartons of copier paper.

55.     On or about October 6, 2000, defendant MILKIEWICZ caused to be delivered to the Court only 400 cartons of copier paper, rather than the 500 cartons set forth in the J. Cameron Company invoice.

### September - October 2001 Transaction

56.     In or about September 2001, defendant MILKIEWICZ caused to be submitted to the Court at least two price quotes for copier paper, including one in the name of C.J. Sales and another in the name of J. Cameron Company.

57.     On or about September 25, 2001, defendant SCHROEDER caused the Court to issue a purchase order for a mixed order of paper, including 400 cartons of copier paper, to J. Cameron Company, for a total price of $17,480.00.

58.     On or about October 9, 2001, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $17,480.00 for a mixed order of paper, including 400 cartons of copier paper.

59.     On or about October 10, 2001, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $17,480.00, in payment for a mixed order of paper, including 400 cartons of copier paper.

60.     In or about October 2001, defendant MILKIEWICZ caused to be delivered to the Court an order of paper which included only 300 cartons of copier paper, rather than the 400 cartons set forth in the J. Cameron Company invoice.

### March - April 2002 Transaction

61.     In or about March 2002, defendant MILKIEWICZ caused to be submitted to the Court at least two price quotes for copier paper, including one in the name of C.J. Sales and another in the name of J. Cameron Company.

62.     On or about April 9, 2002, defendant SCHROEDER caused to be approved a voucher for payment to C.J. Sales in the amount of $13,580.00, in payment for 400 cartons of copier paper.

63.     On or about April 9, 2002, defendant MILKIEWICZ submitted to the Court an invoice, in the name of C.J. Sales, seeking payment of $13,580.00 for 400 cartons of copier paper.

64.     In or about April 2002, defendant MILKIEWICZ caused to be delivered to the Court an order of paper which included only 200 cartons of copier paper, rather than the 400 cartons set forth in the C.J. Sales invoice.

### April 2002 Transaction

65.     In or about April 2002, defendant MILKIEWICZ caused to be submitted to the Court a price quote for toner and toner cartridges in the name of J. Cameron Company.

66.     On or about April 22, 2002, defendant SCHROEDER caused the Court to issue a purchase order for toner and toner cartridges to J. Cameron Company for a total price of $20,185.00.

67.    On or about April 22, 2002, defendant MILKIEWICZ submitted to the Court an invoice, in the name of J. Cameron Company, seeking payment of $20,185.00 for 205 items of toner and toner cartridges.

68.    On or about April 24, 2002, defendant SCHROEDER caused to be approved a voucher for payment to J. Cameron Company in the amount of $20,185.00 in payment of the April 22, 2002, invoice for toner cartridges.

69.    In or about April 2002, defendant MILKIEWICZ caused to be delivered to the Court various toner and toner cartridges, which delivery contained only 147 items, rather than the 205 items set forth in the J. Cameron Company invoice.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO - NINE

### (False Claims Against the United States - 18 U.S.C. § 287)

70.    The Grand Jury realleges and incorporates by reference paragraphs 1-9 and 12-69 of this Indictment, and further charges that:

71.    On or about the dates set forth below, at Boston in the District of Massachusetts and elsewhere,

TIMOTHY P. SCHROEDER  and

STEVEN A. MILKIEWICZ

defendants herein, did make and present to an officer in the civil service of the United States and to a department and agency of the United States, claims upon and against the United States and a department and agency thereof, knowing such claims to be false, fictitious, and fraudulent, to wit, fraudulently inflated invoices submitted to the United States District Court for the District of Massachusetts:

| Count | Date | Claimant | Amount |
|-------|------|----------|--------|
| 2 | 1/31/2000 | C.J. Sales | $24,861.25 |
| 3 | 4/25/2000 | C.J. Sales | $21,570.00 |
| 4 | 5/31/2000 | J. Cameron Company | $5,760.00 |
| 5 | 8/14/2000 | J. Cameron Company | $17,975.00 |
| 6 | 10/6/2000 | J. Cameron Company | $18,475.00 |
| 7 | 10/9/2001 | J. Cameron Company | $17,480.00 |
| 8 | 4/9/2002 | C.J. Sales | $13,580.00 |
| 9 | 4/22/2002 | J. Cameron Company | $20,185.00 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT TEN

### (Receipt of Bribery by Public Official - 18 U.S.C. § 201)

72.    The Grand Jury realleges and incorporates by reference paragraphs 1-9 and 12-69 of this Indictment, and further charges that:

73.    Between in or about 1997 and on or about July 3, 2002, the exact dates being unknown to the Grand Jury, at Boston and elsewhere in the District of Massachusetts and elsewhere,

### TIMOTHY P. SCHROEDER ,

defendant herein, being a public official, did, directly and indirectly, corruptly demand, seek, receive and accept things of value in return for being influenced in the performance of his official acts, being influenced to commit and aid in committing, and to collude in and allow, the commission of a fraud on the United States, and being induced to do and omit to do acts in violation of his official duties, to wit, kickbacks and commissions paid to him by defendant MILKIEWICZ.

All in violation of Title 18, United States Code, Sections 201(b)(2) and 2.

-14-

## COUNT ELEVEN

### (Bribery of Public Official - 18 U.S.C. § 201)

74.    The Grand Jury realleges and incorporates by reference paragraphs 1-9 and 12-69 of this Indictment, and further charges that:

75.    Between in or about 1997 and on or about July 3, 2002, the exact dates being unknown to the Grand Jury, at Boston and elsewhere in the District of Massachusetts and elsewhere,

### STEVEN A. MILKIEWICZ

defendant herein, did, directly and indirectly, corruptly give, offer and promise to a public official things of value with intent to influence the official acts of the public official, to influence such public official to commit and aid in committing, and collude in, and allow, the commission of a fraud on the United States, and to induce a public official to do and omit to do acts in violation of the public official's lawful duties, to wit, kickbacks and commissions paid to defendant SCHROEDER.

All in violation of Title 18, United States Code, Sections 201(b)(1) and 2.

## COUNT TWELVE

### (Embezzlement of Public Monies - 18 U.S.C. § 641)

76.     The Grand Jury realleges and incorporates by reference paragraphs 1-9 of this Indictment, and further charges that:

77.     On multiple occasions beginning in or about 1997, defendant SCHROEDER caused the Court to award contracts to MS & Associates.

78.     Thereafter, defendant SCHROEDER falsely verified that the Court had received goods supplied by MS & Associates when, in fact, no goods had been provided.

79.     As a result of defendant SCHRODER's actions, the United States Treasury issued payments to MS & Associates on behalf the United States District Court in Boston, totaling approximately $180,000, which payments were addressed to a Post Office box controlled by defendant SCHROEDER.

80.     Because no goods or services were provided by MS & Associates to the Court, the monies paid to that entity were in fact stolen from the United States by defendant SCHROEDER.

81.     Between approximately 1997 and July 3, 2002, at Boston in the District of Massachusetts and elsewhere,

### TIMOTHY P. SCHROEDER

defendant herein, did embezzle, steal, purloin, and knowingly convert to his use and the use of another money and things of value of the United States and a department and agency thereof, such items having a value in excess of $1,000, to wit, approximately $180,000 embezzled through MS & Associates.

All in violation of Title 18, United States Code, Sections 641 and 2.

-16-

## COUNTS THIRTEEN - SIXTEEN

### (Filing False Tax Returns - 26 U.S.C. §7206(1))

82.    The Grand Jury realleges and incorporates by reference paragraphs 1-9, 12-69, 73 and 77-81 of this Indictment, and further charges that:

83.    In filing his tax returns, defendant SCHROEDER failed to report as income the money he embezzled from the Court and the money he received as kickbacks from defendant MILKIEWICZ.

84.    On or about the dates listed below, in the District of Massachusetts and elsewhere,

### TIMOTHY P. SCHROEDER

defendant herein, being a resident of Plymouth, Massachusetts, did willfully make and subscribe joint United States Individual Income Tax Returns, Form 1040, on behalf of himself and his spouse, for the tax years set forth below, which were verified by written declarations that they were made under the penalties of perjury and were filed with the Director, Internal Revenue Service Center at Andover, Massachusetts, which said tax returns he did not believe to be true and correct as to every material matter in that adjusted gross income and joint taxable income were reported in the amounts listed, whereas, as he then and there well knew and believed, adjusted gross income and joint taxable income for each of the tax years substantially exceeded the amounts reported:

| Count | Date Filed | Tax Year | Adjusted Gross Income | Joint Taxable Income |
|-------|-----------|----------|----------------------|---------------------|
| 13 | 11/19/98 | 1997 | $54,834.00 | $31,381.00 |
| 14 | 4/15/99 | 1998 | $56,658.00 | $33,060.00 |
| 15 | 4/15/00 | 1999 | $64,528.00 | $42,624.00 |
| 16 | 5/29/01 | 2000 | $76,186.00 | $50,841.00 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS SEVENTEEN - TWENTY-ONE

### (Filing False Tax Returns - 26 U.S.C. §7206(1))

85.    The Grand Jury realleges and incorporates by reference paragraphs 1-9 and 12-69 of this Indictment, and further charges that:

86.    In filing his tax returns, defendant MILKIEWICZ overstated the costs of the goods he sold and understated his gross receipts.

87.    On or about the dates listed below, in the District of Massachusetts and elsewhere,

### STEVEN A. MILKIEWICZ,

defendant herein, being a resident of Scituate, Massachusetts, did willfully make and subscribe joint United States Individual Income Tax Returns, Form 1040, on behalf of himself and his spouse, for the tax years set forth below, which were verified by written declarations that they were made under the penalties of perjury and were filed with the Director, Internal Revenue Service Center at Andover, Massachusetts, which said tax returns he did not believe to be true and correct as to every material matter in that adjusted gross income and joint taxable income were reported in the amounts listed, whereas, as he then and there well knew and believed, adjusted gross income and joint taxable income for each of the tax years substantially exceeded the amounts reported:

| Count | Date Filed | Tax Year | Adjusted Gross Income | Joint Taxable Income |
|-------|-----------|----------|----------------------|---------------------|
| 17 | 11/19/98 | 1997 | $87,327.00 | $48,618.00 |
| 18 | 8/15/99 | 1998 | $82,800.00 | $40,955.00 |
| 19 | 8/17/00 | 1999 | $73,603.00 | $37,402.00 |
| 20 | 8/17/01 | 2000 | $99,205.00 | $53,466.00 |
| 21 | 10/18/02 | 2001 | $149,816.00 | $115,248.00 |

All in violation of Title 26, United States Code, Section 7206(1).

## SENTENCING ALLEGATIONS

THE GRAND JURY CHARGES THAT:

88.    With respect to Counts 1-9 of the Indictment the offense and the acts and

omissions that each defendant committed, aided, abetted and willfully caused, that were

reasonably foreseeable to each defendant and that were part of the same course of conduct and

common scheme:

    a.    caused loss greater than $200,000, as described in U.S.S.G.
          §2B1.1(b)(1)(F); and

    b.    as to defendant SCHROEDER, involved an abuse of a position of public
          trust in a manner that significantly facilitated the commission and
          concealment of the offense, as described in U.S.S.G. §3B1.3.

89.    With respect to Counts 10-11 of the Indictment, the offense and the acts and

omissions that each defendant committed, aided, abetted and willfully caused, that were

reasonably foreseeable to each defendant and that were part of the same course of conduct and

common scheme:

    a.    involved more than one bribe, as described in U.S.S.G. §2C1.1;

    b.    the payments exceeded $70,000, as described in U.S.S.G.
          §2C1.1(b)(2)(A);

    c.    the loss to the government from the offense exceeded $200,000, as
          described in U.S.S.G. §2C1.1(b)(2)(A);

    d.    the offense was committed for the purpose of facilitating the commission of
          another criminal offense, as described in U.S.S.G. §2C1.1(c)(1); and

    e.    as to defendant SCHROEDER, involved an abuse of a position of public
          trust in a manner that significantly facilitated the commission and
          concealment of the offense, as described in U.S.S.G. §3B1.3.

90.    With respect to Count 12 of the Indictment, the offense and the acts and omissions that defendant SCHROEDER committed, aided, abetted and caused, that were part of the same course of conduct and common scheme:

    a.    caused loss greater than $120,000, as described in U.S.S.G. §2B1.1(b)(1)(F); and

    b.    involved an abuse of a position of public trust in a manner that significantly facilitated the commission and concealment of the offense, as described in U.S.S.G. §3B1.3.

91.    With respect to Counts 13-16 of the Indictment, the offense and the acts and omissions that defendant SCHROEDER committed, aided, abetted and willfully caused, that were part of the same course of conduct and common scheme:

    a.    the tax loss was greater than $30,000, as described in U.S.S.G. §2T4.1(E); and

    b.    defendant SCHRODER failed to report and to correctly identify the source of income exceeding $10,000 per year from criminal activity, as described in U.S.S.G. §2T1.1(b)(1).

92.    With respect to Counts 17-21 of the Indictment, the offense and the acts and omissions that defendant MILKIEWICZ committed, aided, abetted and willfully caused, that were part of the same course of conduct and common scheme:

    a.    the tax loss was greater than $80,000, as described in U.S.S.G. §2T4.1(F); and

    b.    defendant MILKIEWICZ failed to report and to correctly identify the source of income exceeding $10,000 per year from criminal activity, as described in U.S.S.G. §2T1.1(b)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS        December 14 2004

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

@ 11:00 AM

-21-

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**                                    **U.S. District Court - District of Massachusetts**

**Place of Offense:**   Boston                Category No.  II                **Investigating Agency**  IRS FBI

**City**   Boston                              **Related Case Information:**

**County**   Suffolk                          Superseding Ind./ Inf.    x            Case No.    04-cr-10339-PJB
                                              Same Defendant      x          New Defendant    VH 04-cR-10339-136
                                              Magistrate Judge Case Number
                                              Search Warrant Case Number
                                              R 20/R 40 from District of

**Defendant Information:**

Defendant Name   TIMOTHY P. SCHROEDER                  Juvenile   ☐ Yes    ☒ No

Alias Name

Address    18 Palmer Avenue, Plymouth, MA 02360-5828

Birth date (Year only):   1949   SSN (last 4 #):  6629  Sex  M  Race:    White        Nationality:  USA

**Defense Counsel if known:**    William Brown              **Address:** 31 Milk Street
                                                                        Boston, MA 02109

Bar Number:

**U.S. Attorney Information:**

AUSA  Paul G. Levenson                         Bar Number if applicable  553946

**Interpreter:**      ☐ Yes ☒ No          List language and/or dialect:

**Matter to be SEALED:**    ☐ Yes   ☒ No

          ☐ Warrant Requested          ☒ Regular Process          ☐ In Custody

**Location Status:**

Arrest Date:      n/a

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☒ On Pretrial Release:   Ordered by  Judge Markwell     on  12/2/2004

**Charging Document:**     ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony   14

Continue on Page 2 for Entry of U.S.C. Citations

☒     **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
      accurately set forth above.**

Date:  December 14, 2004          Signature of AUSA:

%JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

Place of Offense:  Boston                 Category No.  II              Investigating Agency  IRS FBI

City  Boston                              **Related Case Information:**

County  Suffolk                           Superseding Ind./ Inf.  __x__           Case No.  04-cr-10339-PJB
                                          Same Defendant                New Defendant  x  _Nɛͳ  C4-CR-10339 (2)_
                                          Magistrate Judge Case Number        _____
                                          Search Warrant Case Number          _____
                                          R 20/R 40 from District of          _____

**Defendant Information:**

Defendant Name   STEVEN A. MILKIEWICZ                    Juvenile    ☐ Yes   ☒ No

Alias Name       _____

Address    119 Summer Street, Scituate, MA 02066-3109

Birth date (Year only):  1956   SSN (last 4 #):  3337  Sex  M  Race:  White        Nationality:  USA

Defense Counsel if known:    Bruce A. Singal, Esq.        Address:  1 Beacon Street
Bar Number:   _____                            Boston, MA 02108

**U.S. Attorney Information:**

AUSA  Paul G. Levenson                        Bar Number if applicable  553946

**Interpreter:**    ☐ Yes  ☒ No        List language and/or dialect:  _____

**Matter to be SEALED:**    ☐ Yes   ☒ No

    ☐ Warrant Requested        ☒ Regular Process        ☐ In Custody

**Location Status:**

Arrest Date:    n/a

☐ Already in Federal Custody as  _____  in  _____
☐ Already in State Custody  _____    ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by  _____  on

**Charging Document:**    ☐ Complaint       ☐ Information      ☒ Indictment

**Total # of Counts:**    ☐ Petty  _____   ☐ Misdemeanor _____  ☒ Felony   14

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

Date:  December 14, 2004        Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**    STEVEN A. MILKIEWICZ _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 U.S.C. §371 | Conspiracy to Defraud United States | 1 |
| Set 2   18 U.S.C. § 287 | False Claims Against the United States | 2-9 |
| Set 3   18 U.S.C. § 201 | Bribery of Public Official | 11 |
| Set 4   26 U.S.C. § 7206(1) | Filing False Tax Returns | 17-21 |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**