UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>TIMOTHY P. SCHROEDER and<br>STEVEN A. MILKIEWICZ )<br> ) | Case Number: 04-10339-PJB<br>NH CR04-213-01-PJB |

**MOTION TO QUASH SUBPOENA SERVED UPON THIRD PARTY
WITNESS CLERK OF COURT**

Third-party witnesses Francis Dello Russo, an administrative services manager,

and Christine Karjel, a financial administrator, employees of the Clerk of Court's office,

the United States District Court, District of Massachusetts, by and through their

attorneys, move the Court, pursuant to Fed.R.Crim.P. 17(c), for an Order quashing a

subpoena issued by the defendant Stephen Milkiewicz. The subpoena demands Ms.

Karjel produce voluminous records from her office on or before September 6, 2005.

Although the subpoena is directed to Ms. Karjel, the transmission letter (for service) is

directed to Mr. Dello Russo. In this motion, the subpoena will be considered as directed

generally to the Clerk of Court. For the reasons set out more fully below, it would be

"unreasonable or oppressive," Fed.R.Crim.P. 17(c), to demand the Clerk of Court's office

comply with the subpoena.

<u>Argument</u>

Mr. Milkiewicz's subpoena, dated July 29, 2005, demands the Clerk of Court

produce extensive documents concerning federal court procurement procedures, and

concerning specific purchases made by the United States District Court dating back to

1991. <u>See</u> Affidavit of Francis Dello Russo ("Dello Russo Affidavit"), attached hereto as <u>Exhibit I</u>; and attached to the Dello Russo Affidavit, as its <u>Exhibit A</u>, is the July 29, 2005 subpoena (subpoena, <u>Schedule A</u>, item (2), requesting documents from "1991 to the present").

The subpoena's <u>Schedule A</u>, item (1) is symptomatic of its unreasonable or oppressive document demands. First, defense counsel already has the first part of Mr. Milkiewicz's request, "[a]ll underlying documentation (including price quotes, bids, purchase orders, packing slips)" for the named invoices. <u>See</u> Dello Russo Affidavit, ¶ 5. Second, the named invoices are in fact 226 individual line items, set out in a separate 22 page <u>Exhibit 1</u>. These items are not arranged by invoice number, or by date, or by any discernible means. The undersigned counsel has also compared this 22 page list with the superseding indictment in this case. Few, if any, of the line items correspond to charged acts. Instead, they seem to concern "collateral matters." <u>United States</u> v. <u>Lloyd</u>, 71 F.3d 1256, 1268 (7th Cir. 1995)(citing Black's Law Dictionary definition of "collateral matter" as one "not directly connected to the principal matter or issue in dispute").

Further, the subpoena's <u>Exhibit 1</u> actually refers to a range of documents from various potential keepers of records, not only the Clerk of Court. For example, it is the undersigned counsel's understanding that purchase orders starting with "E," as on p. 11, beginning with line item 103, are from the Circuit Executive's office, while line items 121-131 derive from pretrial services, 132-139 from probation. "C" purchase orders are from the Court of Appeals, while "AL" denotes the Appellate Library. In short, many of the underlying documents here demanded are not within the custody and control of the Clerk of Court.

As to the documents demanded in <u>Exhibit 1</u> which may be within the custody and control of the Clerk of Court, to gather them would be a very time-consuming and burdensome activity. Clerk of Court office staff estimate, to the extent the requested documents can be found,[1] the document production time to respond to item (1) (including all of <u>Exhibit 1</u>) alone would be at least 60-80 hours of senior staff time. This sort of record production requires senior staff because, in the experience of the Clerk of Court's office, only senior staff can ensure a proper, accurate, and thorough response. And to assign senior staff to this task "would markedly disrupt the operations of our office." Dello Russo Affidavit, ¶ 6.

Critically, over the past two years, the Clerk of Court's office has produced a significant number of documents in this case, numbering in the several thousands,[2] both in response to requests of defense counsel and of the prosecution. Dello Russo Affidavit, ¶ 5. Take the subpoena's <u>Schedule A</u>, item (2), requesting various documents concerning A & G Sales, New England Office Supply, and Tracy Sales. Apart from the fact that many of these documents were early on obtained by counsel, Dello Russo Affidavit, ¶ 5, the Clerk of Court's staff has already conducted a focused search of Tracy Sales records, at the request of counsel in this case, and has already produced these documents. This project was undertaken over the course of 5 to 6 weeks, and consumed 60 to 80 hours of staff time. Dello Russo Affidavit, ¶6.[3]

---

[1] Dello Russo Affidavit, § 4 (noting 6 year and three month document retention policy of Clerk of Court).
[2] The undersigned has examined the documents produced by the Clerk of Court's office; this is his estimate of their number.
[3] Mr. Dello Russo has provided, in his affidavit, a response to items (3), (5), (6), (8), and (9), stating these are not documents possessed by the Clerk of Court; and has stated the office will produce items (4) and (12). To the extent the Clerk of Court is producing these selected documents, it does not, of course, request the subpoena be quashed as to them.

Defense counsel should be required to "specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial," <u>United States</u> v. <u>Jackson</u>, 155 F.R.D. 664, 668 (D.Kan. 1994), before the Clerk of Court is put to the burden of allocating substantial senior staff time to the search, and significantly disrupting the operations of the office. Without this sort of specification, broad and burdensome requests such as these appear "more in the nature of a 'treasure hunt,'" <u>United States</u> v. <u>Najarian</u>, 164 F.R.D. 484, 487 (D.Minn 1995) or a "pure total fishing expedition." <u>United States</u> v. <u>Hang</u>, 75 F.3d 1275, 1283-84 (8th Cir. 1996). Put otherwise, defendant should be required to meet a materiality requirement similar to that imposed by Fed.R.Crim.P. 16(a)(1)(C), which would permit the Court to conduct a reasonableness analysis. The Court could then compel production of only those documents significantly helpful to the defense at trial, when collecting those documents was not unreasonable or oppressive.

Conclusion

Complying with Mr. Milkiewicz's July 29, 2005 subpoena would be unreasonable

and oppressive.[4] The Clerk of Court, and Mr. Dello Russo and Ms. Karjel, respectfully

request that their Motion to Quash be granted.[5]

FRANCIS DELLO RUSSO, CHRISTINE
KARJEL, AND THE CLERK OF COURT

By their attorneys,

*Thomas A. Reed*

Thomas A. Reed (BBO# 559878)
Holtz & Reed, LLP
25 New Chardon Street
Boston, Massachusetts 02114
617-720-0507

Dated:  August 12, 2005

CERTIFICATE OF SERVICE

I, Thomas A. Reed, certify that I have served a copy of the foregoing document
on counsel of record by filing it in the US District Court's CM/ECF system on August
12, 2005.

*Thomas A. Reed*

Thomas A. Reed

---

[4] Except to the extent noted in footnote 3, above.

[5] Separate from the subpoena, and without withdrawing it or modifying it in any way, counsel for Mr.
Milkiewicz has in the last day requested particular documents from the Clerk of Court (designated
documents, within the scope of the subpoena). The Clerk of Court will review and respond to those
requests on an item by item basis.

**EXHIBIT I**

**United Stated District Court**
**District of Massachusetts**

|  |  |
|---|---|
| _____ ) | Case No.: 04-CR-10339-PJB |
| **United States of America,** ) | NH 04-CR-00213-PB |
| ) | |
| v. ) | |
| ) | **AFFIDAVIT** |
| **Steven A. Milkiewicz,** ) | **OF** |
| **Defendant** ) | **FRANCIS B. DELLO RUSSO** |
| ) | |
| _____ ) | |

I, Francis B. Dello Russo, hereby depose and state as follows:

1. I am the administrative services manager at the United States District Court for the District of Massachusetts. My offices are at One Courthouse Way in Boston, MA. I make this statement based on my own personal knowledge, including consulting with the Clerk of Court and her staff.

2. I have been employed with the Clerk of Court's office since June 1977. At present, I am responsible for the administrative business of the Court including finance, procurement and space related issues.

3. On July 29, 2005, our office received a subpoena for the production of documents. That subpoena is attached hereto as Exhibit A.

4. I am familiar generally with the records requested in the subpoena, and I have made specific inquiries of members of the Clerk of Court's staff concerning both the availability of those records and the ease or burdensomeness of gathering and producing them. In sum, the requests fall into three categories: (a) documents we have already produced or that have been taken by federal agents in their initial investigation of Timothy Schroeder; (b) documents that are not available to us; (c) documents that are

1

exceedingly burdensome to collect and produce. (Those few responsive documents which are more easy to gather we have collected and are producing.) I also note the documents requested in the subpoena, which would number in the many thousands, date back to as early as 1991. We have a records retention policy, under which we keep documents for 6 years and three months; documents dated earlier than that are unlikely to be in our files.

5. Put briefly, during the last few years, our office already has produced a substantial number of documents in this case, all of which to the best of my knowledge have been furnished to defense counsel. Mr. Schroeder's office was searched by federal agents on or about July 2003. Those agents removed Mr. Schroeder's computer (including all records stored thereon), all the papers in Mr. Schroeder's bookshelves and in his desk. We have no copies of those papers. Those papers include "all underlying documentation (including price quotes, bids, purchase orders, packing slips)" referred to in the subpoena's Schedule A, items (1) and (2).

6. Our office previously has collected documents in response to requests from both the United States Attorney's Office and defense counsel. For example, Christine L. Karjel, a senior staff person in financial administration, gathered all invoices and vouchers concerning Tracy Sales, an entity referred to in Schedule A, item (2) (and this is, of course, separate and apart from any material concerning Tracy Sales already taken by the United States, as described in paragraph 5, above). This project concerning Tracy Sales, undertaken over 5 or 6 weeks (and performed in addition to Ms. Karjel's usual work obligations) took 60 to 80 hours. To undertake similar work of this substantially wider range and depth, as requested in the subpoena, would markedly disrupt the

operations of our office. Record selection and production of the kind demanded herein is an activity requiring completion by senior staff. It is not work that can properly be delegated; and to the limited extent that can be done, it would take much more time.

7. More particularly, as to the items listed in the subpoena's <u>Schedule A</u>, I would emphasize the following points: items (1) and (2) require an extraordinary amount of work, of the kind described in paragraph 6, above. Item (1) refers to a 226 line list, <u>Exhibit 1</u> to the subpoena, which is not sorted by date or invoice number or any other readily discernible means. The document production project concerning item (1) alone, our staff estimates, would consume 60 to 80 hours of senior staff time.

8. Item (3) in <u>Schedule A</u>. It is my understanding that the auditor has not yet completed its report with regard to the April 2005 audit of the Clerk's Office.

9. Item (4). This will be produced as requested.

10. Item (5). Some years before 2000, the Administrative Office did provide hard copy Acquisition Bulletins. However, those have largely been replaced by the J-NET, the Intranet web site run by the Administrative Office. The on-line *Guide to Judiciary Policies and Procedures (Guide)* on the J-NET is current. To the best of my knowledge and information, the J-NET does not provide access to superseded Acquisition Bulletins. So far as the subpoena requests access to J-NET, that request should be directed to the Administrative Office. The Administrative Office is the proper entity to respond to requests for older Acquisition Bulletins. Our Office has not kept them.

11. Item (6). See my response to item (5) above.

12. Item (7). Information relating to years 1996-2002 will be produced as requested.

3

13. Items (8) and (9) of <u>Schedule A</u> concern documents in the possession of the United States Probation Office, not our office.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
11th DAY OF AUGUST, 2005.

Francis B. Dello Russo

4

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF    MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

TIMOTHY P. SCHROEDER and
STEVEN A. MILKIEWICZ

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:  04-10339-PJB
              NH CR04-213-01-PJB

TO:  Christine Karjel, Financial Admin.
     United States District Court
     District of Massachusetts
     One Courthouse Way, Suite 2620
     Boston, MA  02210

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.  This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court | TBA |
| One Courthouse Way | DATE AND TIME |
| Boston, MA  02210 | 9/6/2005   9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Please see Schedule A attached hereto.  If you have any questions, contact Michelle Peirce at 617-720-5090, ext. 482.

| U.S. MAGISTRATE JUDGE OR CLERK SARAH A. THORNTON | DATE |
|---|---|
| (By) Deputy Clerk | July 29, 2005 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Michelle R. Peirce
Donoghue, Barrett & Singal, P.C., One Beacon Street, Suite 1320, Boston, MA  02108
(617) 720-5090

AO89  (Rev. 7/95)  Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

ADDITIONAL INFORMATION

## SCHEDULE A

1.    All underlying documentation (including price quotes, bids, purchase orders, packing slips, invoices, payment vouchers, checks, and other related documents) for the transactions listed in Exhibit 1 (attached hereto);

2.    A Voucher Report, or similar summary printout, along with all underlying documentation (including price quotes, bids, purchase orders, packing slips, invoices, payment vouchers, checks, and other related documents) concerning all Clerk's Office, Probation, and Pretrial Services transactions with (a) A&G Sales; (b) New England Office Supply; and (c) Tracy Sales for the period 1991 to the present;

3.    The independent auditor's report of financial related activities of the United States District Court for the District of Massachusetts, for the review conducted on or about April of 2005;

4.    All "written designations of procurement liaison officers," as referenced in the year 2000 "United States District Court, District of Massachusetts, Evaluation of Internal Control Procedures;"

5.    All Acquisition Bulletins relating to procurement for the period of 1996-2005;

6.    All chapters of the "Guide to Judiciary Policies and Procedures Administrative Manual," covering the periods of 1997 to the present, and including all different versions of that manual in effect during that period;

7.    The work attendance record of Timothy Schroeder from 1995 to his termination;

8.    A Voucher Report, or similar summary printout, along with all underlying documentation (including price quotes, bids, purchase orders, packing slips, invoices, payment vouchers, checks, and other related documents) concerning all furniture acquisitions for the Probation office in Lawrence, Massachusetts for the period of 1997 to 2002; and,

9.    A Voucher Report, or similar summary printout, along with all underlying documentation (including price quotes, bids, purchase orders, packing slips, invoices, payment vouchers, checks, and other related documents) concerning furniture acquisitions from Tracy Sales for the Probation office in Plymouth, Massachusetts for the period of 1995 to 1996.

**EXHIBIT 1**

| | Purchase Order No. | Date | Vendor Name | Invoice No. | Voucher No. | Product |
|---|---|---|---|---|---|---|
| 1. | 13325 | 9/6/02 | Carter McLeod | 004637-00 | 115564 | Copy Paper |
| 2. | 13649 | 12/9/02 | Carter McLeod | 008186-00 | 118961 | Brite WH Paper |
| 3. | 13823 | 2/19/03 | Carter McLeod | 010487-00 | 121469 | Brite WH Paper |
| 4. | 13974 | 4/22/03 | Carter McLeod | 012480-01 | 123425 | Brite WH Paper |
| 5. | 5930 | 2/29/69 | Carter McLeod | 036090 | 42677 | Copy Paper |
| 6. | 6307 | 7/3/96 | Carter McLeod | 040569 | 46127 | Copy Paper |
| 7. | 7082 | 2/21/97 | Carter McLeod | 048814 | 52782 | 2 cartons of Paper |
| 8. | 13276 | 8/14/02 | Knoll | | | Springfield |
| 9. | 13276 | 8/14/02 | Knoll | | | Cubicle Springfield |

| | | | | | |
|---|---|---|---|---|---|
| 10. | 13276 | 8/14/02 | Knoll | 118132 | Cubicle Springfield |
| 11. | 13276 | 8/14/02 | Knoll | 118132 | Electrification for Panels |
| 12. | 6502 | 9/4/96 | Knoll | | System Furniture |
| 13. | 6502 | 9/4/96 | Knoll | | System Furniture |
| 14. | 6502 | 9/4/96 | Knoll | 52732 | System Furniture |
| 15. | 6502 | 9/4/96 | Knoll | | System Furniture |
| 16. | 6502 | 9/4/96 | Knoll | 55716 | System Furniture |
| 17. | 6502 | 9/4/96 | Knoll | | System Furniture |
| 18. | 11281 | 9/8/00 | Stuart Swan Furniture | 93669 | Chair Judge Wolf |
| 19. | 12319 | 9/4/01 | Dictronics | 102537 | CCP-1300 RF/D |
| 20. | 12319 | 9/4/01 | Dictronics | 102537 | Shipping |

-2-

| | | | | |
|---|---|---|---|---|
| 21. | 13432 | 9/24/02 | Made to Order Stamp & Seal | Electronic Seal |
| 22. | 13432 | 9/24/02 | Made to Order Stamp & Seal | Desktop Seal Long Reach Model |
| 23. | 6527 | 9/12/96 | ASC Office Furniture | 52377 | See attached list |
| 24. | 6527 | 9/12/96 | ASC Office Furniture | | See attached list |
| 25. | 6527 | 9/12/96 | ASC Office Furniture | 52377 | See attached list |
| 26. | 10173 | 9/17/99 | Charles Webb | 80430 | Mission Arm Chair |
| 27. | 10173 | 9/17/99 | Charles Webb | 80430 | Conference Table 8' Trestle Table |
| 28. | 10173 | 9/17/99 | Charles Webb | 80430 | High Back Chair Side |
| 29. | 10173 | 9/17/99 | Charles Webb | 80430 | High Back Arm Chair |
| 30. | 10173 | 9/17/99 | Charles Webb | 80430 | Table |
| 31. | 10173 | 9/17/99 | Charles Webb | 81102 | Fabric Miranda Red |

| | | | | | |
|---|---|---|---|---|---|
| 32. | 11149 | 7/25/00 | Citibank | Order #0729002FV | Bowler's Fleurie Wood Chair |
| 33. | 11149 | 7/25/00 | Citibank | Order #0729002FV | Bowler's Fleurie Wood Chair Mattisee Blue |
| 34. | 11149 | 7/25/00 | Citibank | | Chair for J. Keeton |
| 35. | 11149 | 7/25/00 | Citibank | | Kenmore Ref for Saris |
| 36. | 11149 | 7/25/00 | Citibank | | Vacuum for Stearns |
| 37. | 11149 | 7/25/00 | Citibank | | TV Cart |
| 38. | 9722 | 5/7/99 | Creative Office Pavilion | | Partitions for Boston Courthouse |
| 39. | 9722 | 5/7/99 | Creative Office Pavilion | 85391 | Partitions for Boston Courthouse |
| 40. | 9722 | 5/7/99 | Creative Office Pavilion | 81484 / Order #4S548 / 85391 | Partitions for Boston Courthouse |
| 41. | 14426 | 9/30/03 | Executive Furniture | | Chair J. Wolf |
| 42. | 14426 | 9/30/03 | Executive Furniture | | Chair J. Alexander |

-4-

| | | | | | | |
|---|---|---|---|---|---|---|
| 43. | 12614 | 12/6/01 | Executive Furniture | | | Freight on P.O. 12360, 12359 |
| 44. | 12614 | 12/6/01 | Executive Furniture | | 118355 | Computer Tables J. Collings |
| 45. | 12614 | 12/6/01 | Executive Furniture | | 118355 | Keyboard Trays |
| 46. | 12614 | 12/6/01 | Executive Furniture | | 118355 | Freight |
| 47. | 12614 | 12/6/01 | Executive Furniture | | 118355 | Mobile Pedestal G. Hurley |
| 48. | 12614 | 12/6/01 | Executive Furniture | | 118355 | Reception Chairs J. Saris |
| 49. | 14187 | 7/15/03 | Executive Furniture | | 127738 | Magazine Table J. Ponsor |
| 50. | 14187 | 7/15/03 | Executive Furniture | | 127738 | Dock Delivery |
| 51. | 8843 | 9/23/98 | Fens Associates | | | Install Workstations |
| 52. | 8843 | 9/23/98 | Fens Associates | | | System Furniture |
| 53. | 8843 | 9/23/98 | Fens Associates | 990819, 990831, 990826, 990821, 990842 | 79295 | Various Internal Moves & Deliveries to & from Cths |

| No. | | Date | Vendor | | | Description |
|---|---|---|---|---|---|---|
| 54. | 8843 | 9/23/98 | Fens Associates | 990847, 990837, 990721, 990717, 990712 | 79295 | Attached Work Sheets |
| 55. | 8843 | 9/23/98 | Fens Associates | 990814, 990808, 990804, 990807, 990805 | 79295 | Attached Work Sheets |
| 56. | 8843 | 9/23/98 | Fens Associates | 990727, 990728, 990702, 990726, 990901, 990902, 990903 | 79295 | See Attached Work Sheet |
| 57. | 8843 | 9/23/98 | Fens Associates | | | Assembly of Work Stations |
| 58. | 8843 | 9/23/98 | Fens Associates | | | Assembly of Work Stations |
| 59. | 8843 | 9/23/98 | Fens Associates | 990920, 990919, 990911 | 79985 | Attached Work Sheet |
| 60. | 8843 | 9/23/98 | Fens Associates | | 85743 | Putting Together Work Stations |
| 61. | 6610 | 9/27/96 | GSA [Fens Associates] | | | File Cabinets for New Courthouse |
| 62. | 6610 | 9/27/96 | GSA [Fens Associates] | | 62988 | File Cabinets for New Courthouse |
| 63. | 6610 | 9/27/96 | GSA [Fens Associates] | N981050076 | 65682 | Filing Cabinets |

| | | | | |
|---|---|---|---|---|
| 64. | 6610 | 9/27/96 | GSA [Fens Associates] | File Cabinets |
| 65. | 12131 | 6/19/01 | Herman Miller | Jury Rm/Doug, Darline Cubicles |
| 66. | 12131 | 6/19/01 | Herman Miller | Product for Jury Rm/Doug, Darline |
| 67. | 12131 | 6/19/01 | Herman Miller | Design |
| 68. | 12131 | 6/19/01 | Herman Miller | Installation |
| 69. | 12131 | 6/19/01 | Herman Miller | Iff |
| 70. | 12131 | 6/19/01 | Herman Miller | Materials Jury, Doug/Darline Cubicles |
| 71. | 12437 | 9/27/01 | Herman Miller | System Furniture |
| 72. | 12437 | 9/27/01 | Herman Miller | Product Docket Cubicles |
| 73. | 12437 | 9/27/01 | Herman Miller | Iff Docket Cubicles |
| 74. | 12437 | 9/27/01 | Herman Miller | Installation Docket Cubicles |

| | | | | | |
|---|---|---|---|---|---|
| 75. | 12437 | 9/27/01 | Herman Miller | 304234, 304231, 304221 | 113989 | Product "Open Market Items Included" |
| 76. | 13125 | 6/21/02 | Herman Miller | | | Product 2 Accounting, 2 QA Cubicles |
| 77. | 13125 | 6/21/02 | Herman Miller | | | Installation for Cubicles |
| 78. | 13125 | 6/21/02 | Herman Miller | | | Iff |
| 79. | 13125 | 6/21/02 | Herman Miller | | 120496 | Stacking Panels for Docket Section |
| 80. | 13125 | 6/21/02 | Herman Miller | | 120496 | Labor for Docket Section |
| 81. | 13125 | 6/21/02 | Herman Miller | | 120496 | Iff |
| 82. | 6095 | 4/24/96 | New England Office Supply | | 44154 | Red Folders -Kristin Quinn |
| 83. | 6216 | 6/5/96 | New England Office Supply | 314912-0 | 45345 | NCR 3 Par Rolls - Intake Receipt Machine |
| 84. | 13615 | 11/26/02 | New England Office Supply | | 118964 | Adding Machine Rolls Cashier |
| 85. | 6750 | 10/31/96 | New England Office Supply | 339243-0 | 49862 | Letter Size Pressboard-Kardex Folders |

| | | | | | | |
|---|---|---|---|---|---|---|
| 86. | 14078 | 6/4/03 | New England Office Supply | 1216360-0 | 125339 | 3 Ply Add Rolls for Cashier |
| 87. | 6306 | 7/3/96 | New England Office Supply | 320848-0 | 46129 | Mailing Envelopes |
| 88. | 8249 | 2/17/98 | B B Office Machine | 9071 | | Labels w/ Bard Code and Case Numbers |
| 89. | 5827 | 1/23/96 | B&B Graphics | 055587 | 41859 | Stamps/Date Stamp |
| 90. | 14331 | 9/12/03 | Benjamin Franklin Smith Printing | | | Copy Questionnaires "Sampson Trial" |
| 91. | 14331 | 9/12/03 | Benjamin Franklin Smith Printing | 316941 | 129582 | Questionnaires Scaned to CD J. Wolf Sampson |
| 92. | 14362 | 9/23/03 | Benjamin Franklin Smith Printing | 316942 | 129588 | Copying Questionnaires 1-150 J. Wolf Sampson |
| 93. | 14362 | 9/23/03 | Benjamin Franklin Smith Printing | 316940 | 129588 | Copying Questionnaires 151-729 J. Wolf Sampson |
| 94. | 14362 | 9/23/03 | Benjamin Franklin Smith Printing | | | Copying 1-729 3 sets |
| 95. | 14362 | 9/23/03 | Benjamin Franklin Smith Printing | 317510 | 129588 | Copying Questionnaires 1-729 3 sets J. Wolf Sampson |
| 96. | 7389 | 6/4/97 | Unicor | | | Printed Envelopes for J. Ponsor |

| 97. | 8481 | 5/15/98 | Unicor | 985400989PRF | 65724 | Envelopes |
| 98. | 9563 | 3/17/99 | Unicor | 995400718PRF | 74168 | Envelopes for Judge Ponsor |
| 99. | 9703 | 4/30/99 | Unicor | 990700637PRF | 75567 | Criminal Courtnote from Printed |
| 100. | 9937 | 7/22/99 | Unicor | 995401413PRF | 77656 | White and Brown Envelopes for Boston Courthouse |
| 101. | 9937 | 7/22/99 | Unicor | 990700884PRF | 77656 | Criminal Courtnote |
| 102. | 5886 | 2/13/96 | United Business System | 7930 | 42421 | Custom Strip Labels - CV/CR Case |

| No. | Code | Date | Company | Number | Description |
|---|---|---|---|---|---|
| 103. | E3111-6 | 5/6/97 | Fens Associates | 63272 | Delivery & Installation of 7E3111-4 & 5 |
| 104. | E3111-10 | 8/10/98 | Fens Associates | | Delivery and Install of 3111-8 & 3111-9 |
| 105. | 8E3111-13 | 9/18/98 | Fens Associates | | Delivery, Installation and Debris Removal of 8E3111-12 |
| 106. | E3111-3 | 10/29/98 | Fens Associates | 70044 | Design and Labor for Systems Furniture for Clerks Office |
| 107. | E3111L6 | 1/14/99 | Fens Associates | 77768 | Receive, Delivery, Install and Debris Removal for FQ1773 |
| 108. | E3111L8 | 1/14/99 | Fens Associates | 77767 | Receive, Deliver, Install and Debris Removal of L3; L4 & L7 |
| 109. | 1E3111L10 | 1/22/99 | Knoll | | Workstations for Four Law Clerks in Judge Lipez' Portland Chambers |
| 110. | 1E3111L10 | 1/22/99 | Knoll | 77771 | Installation of the Above |
| 111. | 1E3111L10 | 1/22/99 | Knoll | 77771 | Design of the Above |

-11-

| | | | | |
|---|---|---|---|---|
| 112. | 1E3111L10 | 1/22/99 | Knoll | 77771 | Furniture for Judge Lipez Law Clerks in Portland |
| 113. | _E3111-11 | 7/10/01 | Fens Associates | | Labor, Freight, Installation & Debris Removal of PO 1E3111-10 |
| 114. | E3111-9 | 7/10/01 | Fens Associates | 104643 | Labor, Freight, Installation - Debris Removal for PO 1E3111-8 |
| 115. | E3111-9 | 7/10/01 | Fens Associates | 104643 | Labor, Freight, Installation, Etc. For PO 1E3111-10 (Camp) |
| 116. | E3111-9 | 7/10/01 | Fens Associates | 104643 | Labor, Freight, Install, Etc. For PO 1E3111-14 (B. Manford) |
| 117. | E3111-9 | 7/10/01 | Fens Associates | 104643 | Freight, Labor & Install, Etc. For PO 1E3111-14 (G. Wente Desk) |
| 118. | E3111-16 | 6/17/02 | Office Specialty | 116467 | Plastic Laminate Top |
| 119. | E3111-17 | 6/17/02 | Fens Associates | 118988 | Labor to Receive, Redeliver Office Specialty Tops |
| 120. | _E3111-32 | 9/28/02 | Fens Associates | | Design Fees for J. Howard's Chamber |

| | | | | |
|---|---|---|---|---|
| 121. | 98PSA192 | 9/20/98 | Kimbal Int'l Marketing | |
| 122. | 98PSA192 | 9/20/98 | Kimbal Int'l Marketing | 69853 | Office Furniture Boston 98 |
| 123. | 98PSA192 | 9/20/98 | Kimbal Int'l Marketing | |
| 124. | 98PSA193 | 9/30/98 | National Office Furniture | |
| 125. | 98PSA193 | 9/30/98 | National Office Furniture | |
| 126. | 98PSA193 | 9/30/98 | National Office Furniture | 70455 | Chairs Boston Office |
| 127. | 99PSA150 | 6/3/99 | Richard Wilcox | |
| 128. | 99PSA150 | 6/3/99 | Richard Wilcox | | Letter Size Tiers Boston Office |
| 129. | 99PSA150 | 6/3/99 | Richard Wilcox | 78019 | Letter Starter Boston Office |
| 130. | 00PSA257 | 9/29/00 | Kimball Int'l Marketing | |
| 131. | 00PSA257 | 9/29/00 | Kimball Int'l Marketing | 5401999 | 94154 | Furniture |

| | | | | | |
|---|---|---|---|---|---|
| 132. | P02-656 | 5/20/02 | Executive Furniture | | 113261 | Two Drawer Lateral File Central Locking, Wood Top - Royale Walnut |
| 133. | P02-656 | 5/20/02 | Executive Furniture | | 113261 | Inside Delivery and Installation |
| 134. | P02-1066 | 9/27/02 | Fens Associates | | 121599 | Labor to Receive, redeliver and Install (2) Superior Chairs |
| 135. | P01-819 | 8/29/01 | Kimball Int'l Marketing | | | Senator Series Four Drawer Lateral File w/ Lock |
| 136. | P01-819 | 8/29/01 | Kimball Intl Marketing | 5556964 | 103879 | Lateral File, Freestanding, Four Drawer |
| 137. | P00-766 | 9/29/00 | Richards Wilcox | | | Furniture |
| 138. | P00-766 | 9/29/00 | Richards Wilcox | | 101056 | Time-2 Speed Files |
| 139. | P00-766 | 9/29/00 | Richards Wilcox | | 101056 | Installation Related Services |
| 140. | _12601054 | 1/24/01 | Donnegan Systems | 81361 | 94507 | |
| 141. | _12601073 | 2/23/01 | Donnegan Systems | b13096 | 95646 | |
| 142. | C72601095 | 6/24/97 | Acme Office Systems | | 60619 | Record Storage Boxes WHN |

-14-

| | | | | | |
|---|---|---|---|---|---|
| 143. | C72601095 | 6/24/97 | Acme Office Systems | | Additional Charges & Freight WHN |
| 144. | C72601095 | 6/24/97 | Acme Office Systems | 60619 | Additional Charges |
| 145. | C82601106 | 8/14/98 | Donnegan Systems | 68405 | File Folders & Labels PM |
| 146. | 2EA-123 | 9/24/02 | Quality Image | | Various Toners for Court of Appeals Personnel |
| 147. | 2EA-123 | 9/24/02 | Quality Image | 116924 | Various Toners for the Court of Appeals |
| 148. | 6AL1798 | 9/27/96 | Fens Associates | | Furniture for Dep. Circ. Libr. Boston |
| 149. | 6AL1798 | 9/27/96 | Fens Associates | 79791 | Conference Table Boston Library |
| 150. | 9AL0183 | 9/27/99 | Arnold Geisler Furniture | | Furniture for 1st Circuit Archives Boston Library |
| 151. | 9AL0183 | 9/27/99 | Arnold Geisler Furniture | 89476 | Furniture for 1st Circ. Archives Bookcases & Display Cases |
| 152. | 9AL0188 | 9/29/99 | SIRSI | | Bar Code Labels Boston Library |
| 153. | 9AL0188 | 9/29/99 | SIRSI | 83934 | Bar Code Labels for Boston Library |

| | | | | | | Certificates |
|---|---|---|---|---|---|---|
| 154. | C02403003 | 2/11/00 | Blanchard Press Inc. | | 83391 | |
| 155. | C02403004 | 5/16/00 | Blanchard Press Inc. | | 86074 | Admission Certs. |
| 156. | C02403008 | 7/12/00 | Blanchard Press Inc. | | 87913 | Admission Certs. |
| 157. | C02403009 | 9/14/00 | Blanchard Press Inc. | Order No. 00-537 | 89952 | |
| 158. | C12403011 | 7/27/01 | Massachusetts Envelope Co. | 101109, 101110 | 101042 | |
| 159. | C12403013 | 8/23/01 | Massachusetts Envelope Co. | Acct. 00417950 | 102014 | |
| 160. | C22403007 | 12/20/01 | Donnegan Systems Inc. | b18887 | | |
| 161. | C22403007 | 12/20/01 | Donnegan Systems Inc. | B18887 | 106627 | |
| 162. | C22403024 | 9/25/02 | Blanchard Press Inc. | 02-484 | 116454 | |
| 163. | C32403001 | 11/5/02 | Blanchard Press Inc. | 02-614 | 117863 | |
| 164. | P00-197 | 1/20/00 | Amherst Corporate Computer | | 82971 | C4127X HP4000 Toner |

-16-

| 165. | P00-213 | 1/27/00 | Amherst Corporate Computer | | 82977 | 92298A HP Toner |
| 166. | P00-415 | 11/3/99 | Amherst Corporate Computer | | 80932 | HP2SI Toner |
| 167. | P00-415 | 11/3/99 | Amherst Corporate Computer | | 80932 | 4127X Toner |
| 168. | P00-415 | 11/3/99 | Amherst Corporate Computer | | 80932 | 92298A Toner |
| 169. | P00-415 | 11/3/99 | Amherst Corporate Computer | | 80932 | Shipping/Handling |
| 170. | P01-673 | 7/11/01 | Amherst Corporate Computer | | 100825 | HP C4217X Toner Cartridge |
| 171. | P02-1084 | 9/30/02 | Amherst Corporate Computer | | 116679 | Smart Print Toner Cart 4100 Series |
| 172. | P02-1084 | 9/30/02 | Amherst Corporate Computer | Order #57173 | 116679 | Max Cap Toner Cart Laserjet 8100 Series |
| 173. | P02-296 | 1/16/02 | Amherst Corporate Computer | 11018445 | 106996 | Toner Cartridge Ultraprecise for LJ 4000 |
| 174. | P02-350 | 2/8/02 | Amherst Corporate Computer | | 107937 | Toner Cartridge 6 800PGS for LJ |
| 175. | P02-576 | 4/22/02 | Amherst Corporate Computer | 11033385 | 110275 | Toner Cart. For Laserjet 4000 |

-17-

| | | | | | |
|---|---|---|---|---|---|
| 176. | P02-945 | 8/20/02 | Amherst Corporate Computer | 1105433 | 115033 | Max Cap Toner Cart Laserjet 81XX Series |
| 177. | P02-945 | 8/20/02 | Amherst Corporate Computer | 1105433 | 115033 | Smart Print Toner Cart 4100 Series |
| 178. | P02-945 | 8/20/02 | Amherst Corporate Computer | 11054334 | 115033 | Ultraprecise Toner Cart 4000 Series |
| 179. | P03-862 | 9/29/03 | Amherst Corporate Center | | 129282 | Item #0063466, Part #6R929, Order #69903 |
| 180. | P03-862 | 9/29/03 | Amherst Corporate Center | | 129282 | Ultraprecise Toner Cart for 4000/N/T/TN 10K Cap |
| 181. | P03-862 | 9/29/03 | Amherst Corporate Center | | 129282 | Smart Print Toner Cart-4200 Laserjet |
| 182. | P01-523 | 5/9/01 | Amherst Corporate Center | | 98539 | Black Smart Toner Cartridge for Laserjet 4000 Series |
| 183. | P01-523 | 5/9/01 | Amherst Corporate Center | | 98539 | Memorex 100 Pk 3.5 Disk |
| 184. | P01-523 | 5/9/01 | Amherst Corporate Center | | 98539 | CDR – 700 MB 50 PK |
| 185. | P01-523 | 5/9/01 | Amherst Corporate Center | | 98584 | HP C4127X Toner Cartridge |
| 186. | P01-523 | 5/9/01 | Amherst Corporate Center | | 98584 | HP C4182X Toner Cartridge |

| | | | | |
|---|---|---|---|---|
| 187. | P01-523 | 5/9/01 | Amherst Corporate Center | 98584 | Sony 25/50 AIT 1 8 MM Tape |
| 188. | 00PSA251 | 9/27/00 | Amherst Corporate Computer | | |
| 189. | 00PSA251 | 9/27/00 | Amherst Corporate Computer | | |
| 190. | 00PSA251 | 9/27/00 | Amherst Corporate Computer | | |
| 191. | 00PSA251 | 9/27/00 | Amherst Corporate Computer | 91127 | Toner Cartridges, Boston Office |
| 192. | 03PSA188 | 9/26/03 | Amherst Corporate Computer | | |
| 193. | 03PSA188 | 9/26/03 | Amherst Corporate Computer | | |
| 194. | 03PSA188 | 9/26/03 | Amherst Corporate Computer | | |
| 195. | 03PSA188 | 9/26/03 | Amherst Corporate Computer | | Software |
| 196. | 03PSA188 | 9/26/03 | Amherst Corporate Computer | | Software/Equipment |
| 197. | 11107 | 7/12/00 | Amherst Corporate Computer | 88942 | HP8100DN Printer form JMS |

-19-

| | | | | |
|---|---|---|---|---|
| 198. | 11107 | 7/12/00 | Amherst Corporate Computer | | C4182X - Toner for HP8100 |
| 199. | 11729 | 2/7/01 | Amherst Corporate Computer | 95343 | HP Laserjet 1100 |
| 200. | 11729 | 2/7/01 | Amherst Corporate Computer | 95343 | Toner for HP 1100 |
| 201. | 7591 | 8/20/97 | Amherst Corporate Computer | 57683 | Toner |
| 202. | 8E3101-17 | 1/15/98 | Amherst Corporate Computer | | 8MB Simm Frontpage 98; HP4000 Printer |
| 203. | 8E3101-17 | 1/15/98 | Amherst Corporate Computer | 62661 | Laserjet printer; Frontpage 98; SIM 2x36 8 MG Upgrade |
| 204. | 97PSA162 | 9/15/97 | Amherst Corporate Computer | 58539 | Computer Toner |
| 205. | P00-197 | 1/20/00 | Amherst Corporate Computer | 82971 | C4127X HP4000 Toner |
| 206. | P00-213 | 1/27/00 | Amherst Corporate Computer | 82977 | 92298A HP Toner |
| 207. | P00-45 | 11/3/99 | Amherst Corporate Computer | 80932 | HP4SI - Toner |
| 208. | P00-45 | 11/3/99 | Amherst Corporate Computer | 80932 | 4127X Toner |

-20-

| | | | | |
|---|---|---|---|---|
| 209. | P00-45 | 11/3/99 | Amherst Corporate Computer | 80932 | 92298A Toner |
| 210. | P00-45 | 11/3/99 | Amherst Corporate Computer | 80932 | Shipping/Handling |
| 211. | P00-455 | 5/31/00 | Amherst Corporate Computer | | Toner HP4000 |
| 212. | P00-455 | 5/31/00 | Amherst Corporate Computer | 87169 | CDR Recordable Media 10Pk. |
| 213. | P00-455 | 5/31/00 | Amherst Corporate Computer | 87169 | Toner Cartridge HP4000 |
| 214. | P00-456 | 5/31/00 | Amherst Corporate Computer | 87512 | Toner HP 4000 |
| 215. | P00-457 | 5/31/00 | Amherst Corporate Computer | 87513 | Toner HP4000 |
| 216. | P00-46 | 11/3/99 | Amherst Corporate Computer | 80933 | 4127X Toner |
| 217. | P00-46 | 11/3/99 | Amherst Corporate Computer | 80933 | 92298A Toner |
| 218. | P00-46 | 11/3/99 | Amherst Corporate Computer | 80933 | Shipping/Handling |
| 219. | P00-478 | 6/8/00 | Amherst Corporate Computer | 87170 | Toner HP4000 |

-21-

| | | | | | |
|---|---|---|---|---|---|
| 220. | P98-675 | 9/30/98 | Amherst Corporate Computer | 98584 | C4127X Toner Cartridge |
| 221. | P98-675 | 9/30/98 | Amherst Corporate Computer | 98584 | C4128X Toner Cartridge |
| 222. | P00-235 | 2/8/00 | Amherst Corporate Computer | 83425 | C4127X Toner Cartridge |
| 223. | 11107 | 7/12/00 | Amherst Corporate Computer | | C4128X Toner |
| 224. | 11582 | 12/15/00 | Amherst Corporate Center | 94102 | Toner |
| 225. | 11729 | 2/7/01 | Amherst Corporate Center | 95343 | Toner for HP 1100 |
| 226. | 11845 | 3/9/01 | Amherst Corporate Center | 96271 | Toner for HP 1100 |

-22-