UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 04-10339-PJB |
| STEVEN A. MILKIEWICZ, | ) ) | NH   CR04-213-01-PB |
| Defendant. | ) ) | |

UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to criminal cases. We reserve the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: August 26, 2005

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CONTENTS

| Proposed Instruction | | page |
|---|---|---|
| No. 1 | Conspiracy to Defraud the United States - Statute | 1 |
| No. 2 | Conspiracy to Defraud the United States - Elements | 2 |
| No. 3 | Conspiracy to Defraud the United States - Elements Discussed | 3 |
| No. 4 | False Claims Upon the United States - Defined | 5 |
| No. 5 | False Claims Upon the United States - Elements | 6 |
| No. 6 | False Claims Upon the United States - Elements Discussed | 7 |
| No. 7 | Bribery of Federal Official - Defined | 8 |
| No. 8 | Bribery of Federal Official - Elements | 9 |
| No. 9 | Bribery of Federal Official - Elements Discussed | 10 |
| No. 10 | Subscribing False Tax Returns - Statute | 12 |
| No. 11 | Subscribing False Tax Returns - Elements | 13 |
| No. 12 | Subscribing False Tax Returns - Elements Discussed | 14 |
| No. 13 | Deliberate Ignorance May Support Inference of Knowledge | 15 |
| No. 14 | "On or About" Explained | 16 |
| No. 15 | Reasonable Doubt (Requested only if defendant requests a reasonable doubt instruction) | 17 |

UNITED STATES' PROPOSED INSTRUCTION NO. 1.

<u>Conspiracy to Defraud the United States - Statute</u>

Count One of the indictment charges that between approximately 1997 and July 3, 2002, Defendant Steven A. Milkiewicz and Timothy Schroeder unlawfully conspired and agreed with each other to defraud an agency of the United States, namely, the United States District Court for the District of Massachusetts.

The relevant statute is Title 18, United States Code, Section 371. It provides (in pertinent part):

> If two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense].

18 U.S.C. §371.

UNITED STATES' PROPOSED INSTRUCTION NO. 2.

<u>Conspiracy to Defraud the United States - Elements</u>

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First: That the agreement described in the indictment, and not some other agreement or agreements, existed between two individuals;

Second: That a major purpose of that agreement was to defraud an agency of the United States, in this case, the United States District Court for the District of Massachusetts;

Third: That the defendant willfully joined in that agreement; and

Fourth: That one of the conspirators committed at least one an overt act in an effort to further the purpose of the conspiracy.

Adapted from First Circuit Pattern Jury Instructions (Criminal) § 4.03.

UNITED STATES' PROPOSED INSTRUCTION NO. 3.

<u>Conspiracy to Defraud the United States - Elements Discussed</u>

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To conspire to defraud the United States means to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful functions by craftiness, trickery, or other dishonest means. The government does not have to show that the United States, or its agency, was subjected to monetary or property loss by the fraud, but only that the there was a conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of a government agency.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent that the conspirators would defraud the United States District Court for the District of Massachusetts.

Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant specifically agreed to or knew about all the details of the crime or that he participated in each act of the agreement or even that he played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. A person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed at least one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

Adapted from First Circuit Pattern Jury Instructions (Criminal) §403. Definition of "defraud" adapted from Hammerschmidt v. United States, 265 U.S. 182, 188 (1924). See also United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994) (noting that "double intent" formulation does not require that the defendant intended personally to commit the wrongful act, but rather that the defendant shared in the conspiratorial goal to commit that wrongful act).

-5-

UNITED STATES' PROPOSED INSTRUCTION NO. 4.

<u>False Claims Upon the United States - Defined</u>

Counts Two through Nine of the Indictment charge that on various dates, which are listed, the defendant made and presented to an agency of the United States claims upon that agency, knowing such claims to be false, fictitious, and fraudulent, namely fraudulently inflated invoices submitted to the United States District Court for the District of Massachusetts.

The relevant statute, Section 287 of Title 18 of the United States Code, provides, in part:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be [guilty of an offense].

18 U.S.C. §287.

UNITED STATES' PROPOSED INSTRUCTION NO. 5.

<u>False Claims Upon the United States - Elements</u>

For you to find the defendant guilty of presenting a false claim against the United States, as charged in Counts Two through Nine, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

| | |
|---|---|
| First: | That the Defendant presented (or caused to be presented) to the United States District Court for the District of Massachusetts, a claim upon the United States; |
| Second: | That, at the time that the claim was presented, the United States District Court for the District of Massachusetts was a department or agency of the United States; |
| Third: | That the claim presented was false, fictitious and/or fraudulent; |
| Fourth: | That the Defendant knew the claim was false, fictitious and/or fraudulent; and |
| Fifth: | That the false, fictitious and fraudulent aspect of the claim was material. |

Adapted from, 2 Fed. Jury Prac. & Instr. § 30.03 (5th ed.) (False, Fictitious, And Fraudulent Claims (18 U.S.C.A. § 287)).

UNITED STATES' PROPOSED INSTRUCTION NO. 6.

<u>False Claims Upon the United States - Elements Discussed</u>

A "claim," as that word is used in these instructions, is any demand for money, property, credit or reimbursement.

A "false" or "fictitious" claim is one which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A "fraudulent" claim is one which is known to be untrue and which is made or used with the intent to deceive.

The terms "department," and "agency," as used in these instructions, include any department, independent establishment, commission, administration, authority, board or bureau of the United States. These terms include all subdivisions of the United States government, including the courts.

A claim is "material," as that word is used in this instruction, if it has a natural tendency to influence, or be capable of affecting or influencing, a governmental function. It is not necessary that a claim, statement or representation actually influenced the actions of the government agency. Nor is it necessary that any government employee actually be deceived.

Adapted from, 2 Fed. Jury Prac. & Instr. §§30.04 - 30.07 (5th ed.) (False, Fictitious, And Fraudulent Claims (18 U.S.C.A. § 287)); <u>United States v. Arcadipane</u>, 41 F.3d 1, 8 (1st Cir. 1994) (materiality definition).

UNITED STATES' PROPOSED INSTRUCTION NO. 7.

<u>Bribery of Federal Official - Defined</u>

Count Eleven of the Indictment charges that between in or about 1997 and on or about July 3, 2002, the defendant corruptly gave things of value to a public official, namely Timothy Schroeder, with intent to influence the official acts of that public official, to influence that public official to commit and to allow the commission of a fraud on the United States, and to induce that public official to violate the public official's lawful duties. Specifically, the Indictment alleges that Milkiewicz paid kickbacks or commissions to Timothy Schroeder.

The relevant statutes, is Title 18, United States Code, Section 201, which provides in part:

> (b) Whoever–
>    (1) directly or indirectly, corruptly gives, offers or promises anything
>       of value to any public official . . . with intent–
>       (A) to influence any official act; or
>       (B) to influence such public official . . . to commit or aid in
>          committing, or collude in, or allow, any fraud, or make opportunity
>          for the commission of any fraud, on the United States; or
>       (C) to induce such public official . . . to do or omit to do any act in
>          violation of the lawful duty of such person ;
> . . . shall [be guilty of an offense].

18 U.S.C. §201.

UNITED STATES' PROPOSED INSTRUCTION NO. 8.

<u>Bribery of Federal Official - Elements</u>

For you to find the defendant guilty of bribing a federal official, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First: That the defendant gave, offered, or promised something of value as described in the indictment to Timothy Schroeder;

Second: That Timothy Schroeder was, at that time, an official of the United States or was acting on behalf of the United States or an agency of the United States; and

Third: That the defendant made the gift, offer, or promise corruptly with the intent to do one or more of the following: to influence an official act; to influence Timothy Schroeder to commit, or aid in committing or allowing, a fraud on the United States; or to induce Timothy Schroeder to do or omit to do an act in violation of his lawful duties.

Adapated from, 2 Fed. Jury Prac. & Instr. § 27.03 (5th ed.) (Giving, Offering, Or Promising A Bribe To A Public Official (18 U.S.C.A.§ 201(b)(1)(A))); <u>United States v. Schiff</u>, 801 F.2d 108, 114, (2d Cir.1986) ("It appears settled that indictments worded in the conjunctive, charging violations of statutes worded in the disjunctive can be supported by proof of either of the conjoined means of violating the act.").

UNITED STATES' PROPOSED INSTRUCTION NO. 9.

<u>Bribery of Federal Official - Elements Discussed</u>

The phrase "something of value" means any item that the person giving or offering or the person demanding or receiving considers to be worth something. The phrase "something of value" includes money, favorable treatment or special consideration.

The term "official of the United States" includes any employee or person acting for or on behalf of the United States, or any department, agency or branch of the United States Government, in any official function.

The term "official act" means any decision or action on any matter which may at any time be pending, or which may by law be brought before any government official, in that person's official capacity. The term "official act" includes the decisions or actions generally expected of the public official. Those decisions or actions do not need to be specifically described in any law, rule, or job description to be considered to be an "official act."

An act is done "corruptly" under this bribery statute if it is performed voluntarily and deliberately and performed with the purpose of accomplishing either an unlawful result or an otherwise lawful result by unlawful means. The motive to act "corruptly" is ordinarily a hope or expectation of financial gain or other benefit to one's self or to another.

It is no defense that, even without the bribe, the public official would have taken the same action or reached the same decision that the defendant wanted him to take.

Likewise, it is no defense that a person intended to influence an official act that would itself be lawful, desirable, or even beneficial to the public.

     Nor is it a defense that the public official may not have the authority or ability to perform the act for which the thing of value was given or offered.

Adapted from, 2 Fed. Jury Prac. & Instr. § 27.07 - 27.12 (5th ed.) (Giving, Offering, Or Promising A Bribe To A Public Official (18 U.S.C.A.§ 201(b)(1)(A)));  <u>United States v. Jannotti</u>, 673 F.2d 578, 601 (3d Cir. 1982) (no defense that, even without the bribe, the public official would have taken the same action or reached the same decision).

UNITED STATES' PROPOSED INSTRUCTION NO. 10.

<u>Subscribing False Tax Returns - Statute</u>

Counts Seventeen through Twenty-One of the Indictment charge that on various dates, which are listed, the defendant willfully made and signed joint United States Individual Income Tax Returns, Form 1040, and that he did not believe those returns to be true and correct. Specifically, the government alleges that the defendant's income for each of the tax years was substantially higher than what he reported.

The relevant statute is Title 26, United States Code, Section 7206(1), which provides in part:

Any person who–

> . . . Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . [shall be guilty of an offense].

26 U.S.C. §7206(1).

UNITED STATES' PROPOSED INSTRUCTION NO. 11.

Subscribing False Tax Returns - Elements

For you to find the defendant guilty of filing a false tax return, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First: That the defendant made and subscribed a return which was false as to a material matter;

Second: That the return contained a written declaration that it was made under the penalties of perjury;

Third: That the defendant did not believe the return to be true and correct as to every material matter; and

Fourth: That the defendant acted willfully, with the intent of violating his obligations under the tax laws and not as a result of accident, negligence or inadvertence.

See generally United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982). Fourth element adapted from, First Circuit Pattern Jury Instructions (Criminal) §4.27.

UNITED STATES' PROPOSED INSTRUCTION NO. 12.

<u>Subscribing False Tax Returns - Elements Discussed</u>

If you find that the defendant's signed his tax return, you may – but are not required to – infer that he read the return and knew its contents.

For purposes of the False Tax Return charges, the word "willfully" refers to a voluntary and intentional violation of a known legal duty or purposeful omission to do what the law requires. The defendant acted willfully if he knew it was his legal duty to file a truthful tax return, and he intentionally filed a false return.

You may find that a line on a tax return is material if the information required to be reported on that line is capable of influencing the correct computation of the amount of tax liability of the individual or the verification of the accuracy of the return.

If you find that the defendant willfully understated the amount of his gross income on his tax return, or that the defendant willfully overstated the amount of business expenses he was entitled to deduct, and if you find that the amount of gross receipts or the amount of deductions claimed on a tax return is essential to a correct computation of the amount of taxable income or tax or to the verification of that return, then you may find that the false and fraudulent statements were false as to a material matter.

<u>United States v. Olbres</u>, 61 F.3d 967, 971 (1st Cir. 1995); Adapted from Federal Criminal Jury Instructions of the Seventh Circuit, Committee on Federal Criminal Jury Instructions of the Seventh Circuit (1999 Ed.) § 7206.

UNITED STATES' PROPOSED INSTRUCTION NO. 13.

<u>Deliberate Ignorance May Support Inference of Knowledge</u>

The government may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that this defendant deliberately closed his eyes to what would otherwise have been obvious to him.  No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.  It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.  You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a good faith belief in an inaccurate proposition.

Adapted from, 1A Fed. Jury Prac. & Instr. § 17.09 (5th ed.).  <u>See generally</u> <u>United States v. Littlefield</u>, 840 F.2d 143, 147 (1st Cir.1988) ("It is now established in this circuit that a willful blindness instruction is proper if a defendant claims a lack of knowledge, the facts suggest a conscious course of deliberate ignorance, and the instruction, taken as a whole, cannot be misunderstood as mandating an inference of knowledge").

UNITED STATES' PROPOSED INSTRUCTION NO. 14.

"On or About" Explained

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although the government is required to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Adapted from, 1A Fed. Jury Prac. & Instr. § 13.05 (5th ed.).

UNITED STATES' PROPOSED INSTRUCTION NO. 15.

Reasonable Doubt

(Requested only if defendant requests a reasonable doubt instruction)

The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proven beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt. A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge. Of course, a defendant is never to be convicted on suspicion or conjecture. If for example, you view the evidence in the case as reasonably permitting either of two conclusions -- one that a defendant is guilty as charged, the other that the defendant is not guilty -- you will find the defendant not guilty. It is not sufficient for the Government to establish a probability, even a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we can know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by the proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict on it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the

-17-

other hand, you think that there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062 (1st Cir. 1997), aff'd on other grounds, sub nom., Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911 (1998).