UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case Number: 04-10339-PJB |
| v. | ) | NH CR04-213-01-PJB |
| | ) | |
| TIMOTHY P. SCHROEDER and | ) | |
| STEVEN A. MILKIEWICZ | ) | |
| | ) | |

**MOTION TO QUASH SECOND SUBPOENA SERVED UPON THIRD PARTY
WITNESS CLERK OF COURT**

Third-party witness Christine Karjel, a financial administrator, and employee of

the Clerk of Court's office, the United States District Court, District of Massachusetts, by

and through her attorneys, move the Court, pursuant to Fed.R.Crim.P. 17(c), for an Order

quashing a subpoena issued by the defendant Stephen Milkiewicz. The subpoena, the

successor to one dated July 29, 2005, the subject of a prior motion to quash, was served

on August 26, 2005. It too demands Ms. Karjel produce various records from her office

on or before September 6, 2005. In this motion, the subpoena will be considered as

directed generally to the Clerk of Court. For the reasons set out more fully below, it is

"unreasonable or oppressive," Fed.R.Crim.P. 17(c), to demand the Clerk of Court's office

comply with the subpoena.

Argument

Mr. Milkiewicz's subpoena, dated August 26, 2005, demands the Clerk of Court

produce (i) a summary printout of all Clerk's office purchases from 1997 to 2002; (ii) all

documents concerning procurement process changes dated after June 2002; and (iii) a

summary printout of all Amherst (related) vendor purchases. See subpoena dated August

1

26, 2005, attached hereto as Exhibit A. The documents requested in item (iii) are not unduly burdensome to gather, electronically, and produce, and that will be done. Items (i) and (ii) are the subject of this motion to quash.

The Clerk's office has already produced extensive documents in this case. See Motion to Quash dated August 12, 2005 (docket 34), and Affidavit of Francis Dello Russo, attached thereto. Further, the Clerk's office has produced certain documents responsive to Mr. Milkiewicz's July 29, 2005 subpoena, despite filing its motion to quash. See letter dated August 17, 2005 from Thomas A. Reed to Michelle Peirce (describing documents produced) (attached hereto as Exhibit B). Despite this, Mr. Milkiewicz continues to press unreasonable or oppressive document demands.

The August 26, 2005 subpoena, Schedule A, demands (1) "A summary printout of all Clerk's Office purchasing for the period 1997 through and including 2002, the period of the alleged conspiracy." "All" transactions of the Clerk's office do not touch and concern United States v. Schroeder and Milkiewicz. Defendant's request is not reasonably tailored to this case. So too request (2), demanding all Clerk's office documents concerning changes in the procurement process after Mr. Schroeder's firing in July 2002, is not tailored to this case. United States District Court procurement guidelines, whether from the Administrative Office or within the Clerk's office in Boston, are aimed in part at preventing the very fraud Mr. Schroeder has pled guilty to; and they have no relevance to Mr. Schroeder's activities, or the course of events set out in the superseding indictment in this case. Last, current procurement guidelines are available to the Clerk's office on the Court's intranet, called the JNET. That system does not provide to users superseded versions of the guidelines. See Affidavit of Francis Dello

Russo, ¶10; see also letter dated August 17, 2005, Exhibit B hereto. And in any case, the Clerk's office will not disclose the contents of the JNET without approval of the Administrative Office or Order of this Court. It has neither.

Defense counsel should be required to "specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial," United States v. Jackson, 155 F.R.D. 664, 668 (D.Kan. 1994), before the Clerk of Court is put to the burden of responding to this second subpoena. Once again, we have "a 'treasure hunt,'" United States v. Najarian, 164 F.R.D. 484, 487 (D.Minn. 1995) or a "pure total fishing expedition." United States v. Hang, 75 F.3d 1275, 1283-84 (8th Cir. 1996). As suggested in the Clerk's office's previous motion to quash, defendant should be required to meet a materiality requirement similar to that imposed by Fed. R. Crim. P. 16(a)(1)(C). The Court could then compel production of only those documents, if any, significantly helpful to the defense at trial, when collecting those documents was not unreasonable or oppressive.

Conclusion

Complying with Mr. Milkiewicz's August 26, 2005 subpoena would be

unreasonable and oppressive.[1]  The Clerk of Court, and Ms. Karjel, respectfully request

that their Motion to Quash be granted.

CHRISTINE KARJEL AND THE
CLERK OF COURT

By their attorneys,

Thomas A. Reed (BBO# 569878)
Gerald A. McDonough (BBO#559802)
Holtz & Reed, LLP
25 New Chardon Street
Boston, Massachusetts 02114
617-720-0507

Dated:  August 29, 2005

CERTIFICATE OF SERVICE

I, Gerald A. McDonough, certify that I have served a copy of the foregoing
document on counsel of record by pdf on August 29, 2005.

Gerald A. McDonough

---

[1] Except to the extent noted above.

4

# EXHIBIT A

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF       MASSACHUSETTS

UNITED STATES OF AMERICA,

V.

TIMOTHY P. SCHROEDER and
STEVEN A. MILKIEWICZ

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 04-10339-PJB
              NH CR04-213-01-PJB

TO:   Christine Karjel, Financial Admin.
      United States District Court
      District of Massachusetts
      One Courthouse Way, Suite 2620
      Boston, MA  02210

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.  This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|-------|-----------|
| United States District Court<br>One Courthouse Way<br>Boston, MA  02210 | TBA |
| | DATE AND TIME<br>9/6/2005  9:30 a.m. |

☒  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Please see Schedule A attached hereto.  If you have any questions, contact Michelle Peirce at 617-720-5090, ext. 482.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>SARAH A. THORNTON | DATE<br>JUL 29 2005 |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Michelle R. Peirce
Donoghue, Barrett & Singal, P.C., One Beacon Street, Suite 1320, Boston, MA 02108
(617) 720-5090

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

ADDITIONAL INFORMATION

## SCHEDULE A

1.   A summary printout of all Clerk's Office purchasing for the period 1997 through and including 2002, the period of the alleged conspiracy.

2.   All documents, memoranda, email, and/or other writing communicating or referencing any and all changes to the procurement process, or documentation of changes, after Timothy Schroeder was terminated in July 2002 including, but not limited to email or memoranda circulated at the courthouse by or at the direction of Tony Anastas on the subject of procurement after Schroeder's termination.

3.   A summary printout of all Clerk's Office transactions, if any, with each of the following companies for the period 1991 through and including 2004:

   a.   Amherst, LLC

   b.   Amherst Computer Products

   c.   Amherst Computer Solutions

   d.   Amherst Corporate Center

   e.   Amherst Corporate Computer Sales & Solutions

   f.   Amherst Distribution Services

   g.   Amherst Equipment

   h.   Amherst Technologies

# EXHIBIT B

HOLTZ & REED, LLP
25 NEW CHARDON STREET
BOSTON, MASSACHUSETTS 02114

HERBERT L. HOLTZ
GERALD A. MCDONOUGH
THOMAS A. REED
JAMES SCHUH

OF COUNSEL:
MATTHEW A. CAFFREY
THOMAS P. SMITH

August 17, 2005

Ms. Michelle Peirce, Esq.
Donoghue Barrett & Singal
One Beacon Street
Boston, Massachusetts 02108
        *(via facsimile to 617.720.5092)*

Re: <u>United States</u> v. <u>Schroeder et al.</u>

Dear Michelle:

This letter follows up our conversations and exchange of emails concerning the documents requested in your subpoena, directed to the office of the Clerk of Court, and dated July 29, 2005. Without waiving any request you made in that subpoena, you have asked for selected documents, a subset of your original request. The Office of the Clerk of Court has studied your requests, and this is its response.

First, as to the documents originally requested, I confirm that the Clerk of Court's office has searched for documents responsive to Schedule A, item 4 of your subpoena. Responsive documents will be provided to you by next week. I also confirm the office has searched for documents responsive to item 7; again, responsive documents will be produced to you by next week. (Please note that Mr. Schroeder's work attendance records do not seem to be available for 1995, but only from 1996 and after.)

Second, as to your request for selected documents, in your email dated August 11, 2005, you have follow-up notes concerning the nine items set out in Schedule A to your subpoena. I will follow your numbered requests in your August 11 email here. (1): To the extent documents are available, the office of the Clerk of Court will search for and produce documents, as specified, concerning entries 2, 3, 4, 38-40, 83, 84, 86, 88, 102, 152, and 153 from your subpoena's Exhibit 1. (2): The office has already produced responsive documents concerning Tracey Sales (some having been seized from Mr. Schroeder's office as well). Many of the items you request are unavailable due to their age; but responsive documents not already produced concerning Tracey Sales (meaning chiefly vouchers), will be searched for and produced. A & G Sales is not a vendor familiar to the Clerk's office. New England Office Supply has received over 600 payments in the relevant period; and it is unduly burdensome to search out each one of those, and the underlying documentation. You have asked if the office can run a search concerning payments to NEOS, and print out and produce the result. I will respond to

your request as soon as I am able to. (3): You have emphasized yours is a continuing request. (4): See paragraph above. (5) and (6): Information on the JNET is, I believe, confidential and proprietary. Requests concerning the contents of the JNET should, or so I think, be directed to the Administrative Office. In any case, the office of the Clerk of Court would not disclose the contents of the Court's intranet system without approval of the Administrative Office or order of court. More pertinently, the intranet version of the Guide replaced some 20 volumes of material. Collecting and printing out all the material is unduly burdensome. Further, superseded versions of the Guide (namely the updating bulletins you request) are not, to the information and belief of the Clerk's office, available on the JNET. (7): See above paragraph. (8) and (9): As I explained to you on the telephone, the Clerk's office cannot run summaries for purchases by, e.g., selecting for the Peabody probation office. The documents noted in this paragraph as being ones the Clerk's office will search for and produce will be provided to you by next week.

Sincerely yours,

Thomas A. Reed