UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY P. SCHROEDER and<br>STEVEN A. MILKIEWICZ,<br><br>Defendants. | CRIMINAL NO. 04-10339-PJB<br>NH CR04-213-01-PB |

## MOTION FOR A BILL OF PARTICULARS AS TO COUNT 11

Pursuant to Fed. R. Crim. P. 7(f), Defendant Steven A. Milkiewicz respectfully moves for a bill of particulars as to Count Eleven of the Superseding Indictment, which alleges that Defendant bribed a public official in violation of 18 U.S.C. § 201. Specifically, Defendant requests that the government be ordered to particularize the following essential facts concerning its allegation in Count 11 that Defendant gave, offered or promised "things of value":

(1)   The dates upon which the Defendant allegedly gave, offered or promised "things of value";

(2)   The times at which Defendant allegedly gave, offered or promised "things of value";

(3)   The location or place where Defendant allegedly gave, offered or promised "things of value"; and

(4)   The form and specific amounts of the "things of value".

1

Count 11 of the Superseding Indictment essentially tracks the language of 18 U.S.C. § 201(b)(1)(A)-(C), but it fails to adequately provide any meaningful detail concerning the "things of value" that Defendant allegedly gave, offered, or promised. The language of a statute may be used in the general description of an offense, but "[i]n an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves <u>fully, directly, and expressly, without any uncertainty or ambiguity</u>, set forth all the elements necessary to constitute the offence intended to be punished", and any statutory language employed "must be accompanied with such a statement of the <u>facts and circumstances</u> as will inform the accused of the specific offence, coming under the general description, with which he is charged". <u>United States v. Nelson</u>, 486 F. Supp. 464, 493 (W.D. Mich. 1980) (emphasis added) (citing <u>Russell v. United States</u>, 369 U.S. 749, 765 (1962), internal citation omitted). This requirement does more than insure fairness to the defendant; it also serves to "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." <u>Id.</u> (citing <u>Russell</u>, 369 U.S. at 768).

In <u>United States v. Ferrara</u>, 990 F. Supp. 146, 153 (E.D.N.Y. 1998), a bribery case, the indictment, as here, provided only a broad date range regarding when the alleged conduct occurred. The court stated that "[f]or the defendant to properly prepare his defense … further information is required" and it ordered that the government furnish the defendant with the approximate date of each conversation during which the government claimed that defendant offered money. <u>Id.</u> <u>See also</u> <u>United States v. Joseph</u>, 510 F. Supp. 1001, 1006 (E.D. Pa. 1981), in which the court, in another bribery case in which the defendant brought a motion for a bill of

particulars, ruled that the "Defendant is entitled to know the amount of money and a narrower time frame within which he purportedly received payments...."

Here, the Defendant seeks similar, basic identifying information, including dates and amounts, concerning the bribes that the government has alleged that he gave.[1]

Based on the aforementioned, Defendant respectfully requests that the Court grant his motion for a bill of particulars.

### Certification of Compliance with Local Rules 7.1(A)(2) and 116.3(F)

Pursuant to Local Rules 7.1(A)(2) and 116.3(E), counsel for the Defendant certify that on August 30, 2005, by telephone, they conferred with counsel for the government in a good faith attempt to obtain the information they request and to eliminate or narrow the areas of disagreement raised in this motion. The government declined to provide Defendant with the information sought by this motion.

### Request for Oral Argument

Defendant believes that oral argument on this motion would assist the Court and respectfully requests to be heard.

---

[1] Defendant requested this information through a discovery letter dated February 10, 2005; the government responded, by letter dated February 24, 2005 that defendant had all information in the government's possession related to the bribery.

STEVEN A. MILKIEWICZ,

By his attorneys,

_/s/ Michelle R. Peirce_
Bruce A. Singal, BBO#464420
Michelle R. Peirce, BBO #557316
Carl E. Fumarola, BBO #659019
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
(617) 720-5090

Dated: August 30, 2005

CERTIFICATE OF SERVICE

I, Michelle R. Peirce, hereby certify that I have caused copies of the foregoing document to be served upon by hand delivery, to be served upon Maryanne Michaelis, Clerk, United States District Court, District of New Hampshire, 55 Pleasant Street, Room 110, Concord, NH 03301-3941 and Paul Levenson, Assistant U.S. Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210, this 30th day of August, 2005.

_/s/ Michelle R. Peirce_
Michelle R. Peirce