UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Crim. No. 04-10339-PJB |
|  | ) | NH   CR04-213-01-PB |
| STEVEN A. MILKIEWICZ, | ) | |
| Defendant. | ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States, by its undersigned counsel, opposes Defendant's Motion for Bill of Particulars as to Count 11, dated August 30, 2005.

Defendant contends that he is entitled to know the precise dates, and the precise dollar amounts, of his bribes/kickbacks to co-defendant Schroeder.  But in a footnote at the bottom of page 3, defendant admits that he has long-since been notified that he has as much information as the government does about these bribes.

The conduct at issue continued during a period of roughly four years and Mr. Schroeder kept no records about the dates and times on which he received payments.  The defendants have received, as Jencks Act material, reports of Mr. Schroeder's communications with the government on this subject.

Under these circumstances, Defendant's request for greater specificity than the government is able to provide appears to serve no useful purpose.  It plainly is <u>not</u> aimed at obtaining additional information, since there is no additional information to give.

Instead, it appears that Defendant is suggesting, albeit obliquely, that there is some flaw in the changes against him, based on the government's inability to provide greater specificity

about the dates of the bribes and kickbacks.  If this is Defendant's intent, he is flatly mistaken.  The First Circuit has long since made clear that such specificity is <u>not</u> required, particularly where conduct was of a "continuing nature," occurring "over substantial periods" within a defined time-frame.  <u>See</u> <u>United States v. Morris</u>, 700 F.2d 427, 429 (1st Cir. 1983).  As the court has noted:

> Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required. This court has accepted both generality in the dates alleged in the indictment, *e.g., United States v. Nunez,* 668 F.2d 10 (1st Cir.1980) ("on or about 1977"), and variance between what is alleged and what proved, *e.g., United States v. Antonelli,* 439 F.2d 1068 (1st Cir.1971). A commentator states, "proof of any date before the return of the indictment and within the statute of limitations is sufficient." 1 C. Wright, *Federal Practice & Procedure: Criminal* § 125 at 383 (1982). *See also United States v. Nunez,* 668 F.2d 1116, 1127 (10th Cir.1981) ("since time is not an essential element of the offense charged, any variance in the evidence from the date alleged in the indictment as to the time of possession may be disregarded").

700 F.2d at 429.

The circumstances of this case – wherein those involved in continuing criminal activity fail to keep detailed records of their crimes – are hardly unique.  Indeed, the situation here is much like that addressed by the First Circuit in <u>United States v. Nunez</u>, where the court noted:

> The government states, and appellants do not deny, that the witnesses were unable to be more specific as to date. Moreover, the facts at issue were scarcely concealed from or unknown to appellants. Under the Jencks Act, appellants were provided with the government's evidence, including the statements of the relevant witnesses, long before trial. . . .  Appellants, in short, knew virtually as much about the government's evidence, including the evidence about the date, as did the government. As imprecise as the date charged in Count I of the indictment was, it fell plainly within the applicable five year statute of limitations. See 18 U.S.C. §3282. No other special factor here makes the indictment's language unfair or prejudicial.

668 F.2d 12.

By the same token, there is nothing unfair or prejudicial in the charge in this case.

Defendant's Motion for a Bill of Particulars is without merit and should be denied.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

dated: August 31, 2005

                                     By: */s/Paul G. Levenson*
                                              PAUL G. LEVENSON
                                              Assistant U.S. Attorney
                                              John Joseph Moakley United States Courthouse
                                              1 Courthouse Way, Suite 9200
                                              Boston, MA 02210
                                              (617) 748-3147