UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Crim. No. 04-10339-PJB |
| ) | NH  CR04-213-01-PB |
| STEVEN A. MILKIEWICZ, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE

The United States, by its undersigned counsel, opposes Defendant's Motion in Limine to Exclude "Bid Rigging" Allegations and Evidence, dated August 29, 2005. That motion asks the Court "to preclude the government from presenting a 'bid rigging' case at trial" and posits that "there is no probative value to such evidence because there is no legally-required bidding process at issue here." Defendant's Motion at 1. Whether it is stated in this simple formulation or in the more elaborate explication laid out in Defendant's supporting memorandum, the core of defendant's argument is a patent non sequitur. Even if the bidding process followed by the district court had been a mere local custom – the charged scheme to subvert that bidding process by collusion, fabrication and forgery would still be fraud.

The Indictment charges, in relevant part, that Milkiewicz conspired with Timothy Schroeder, an employee of the Clerk's Office of the United States District Court, to defraud the United States. Among the listed purposes and objectives of the conspiracy was "to enable MILKIEWICZ to profit from selling goods and services to the Court, without submitting to genuine competitive bidding." Superseding Indictment ¶12. The Indictment describes a variety

of means that were used to rig the bidding process, including use of forged and fabricated bids and collusive bidding. Id. ¶¶16-18. Such allegations plainly describe a scheme to defraud.

With respect to the procurement rules followed by the court, the Indictment includes the following allegation, in paragraph 5:

> At times pertinent to this Indictment, procurement regulations under which defendant SCHROEDER operated and internal policies followed by the Court required that SCHROEDER to obtain multiple quotes and bids for contracts above a fixed dollar threshold.

Paragraph 19 of the Indictment, in turn, alleges:

> The result of these various sham bidding arrangements was to create the false impression that defendant SCHROEDER had complied with rules and regulations that required the solicitation of multiple bids.

In that the Indictment expressly charges that, as part of the conspiracy to defraud the United States, the defendants rigged the bidding process for the court's procurement of office supplies, it makes no sense to move in limine to preclude the introduction of evidence about that aspect of the charged fraud. Having charged Milkiewicz with this crime, the government is required to prove the charge beyond a reasonable doubt. By definition, that means introducing evidence to support the charge.

Defendant contends that "[t]he fatal flaw in the government's bid rigging allegations is that there is no federal rule or regulation creating a bidding process. Rather, to establish a "bidding process," the government appears to rely on a private, internal "guide" that itself does not even create a bidding process." Defendant's Memorandum in Support of Motion in Limine to Exclude "Bid Rigging" Allegations and Evidence ("Def. Mem.") at 1.

The major problem with Defendant's argument is not its premise. Defendant correctly notes that one source of the "three bid" rule followed in the court during the relevant period was

the Guide to Judiciary Policies and Procedures.  And Defendant may be correct that, in a sense, the rules in that document could be described as internal rules or guidelines, since they are not published in the same manner as the Federal Acquisition Regulation.  Def. Mem. at 6-11.

But, assuming Defendant's premise is correct (i.e. that the court's procurement regulations describe an internal policy or procedure) it still does not follow that bid-rigging is anything other than a form of fraud.  It is doubtless true that it was the responsibility of the court employee, Schroeder, to follow the court's procurement rules.  But the Indictment charges – and the government's evidence will show – that Milkiewicz engaged in classic bid rigging fraud (with a few not-so-classic variations, such as forgery, to boot).  This is not a matter of simple failure to follow procurement rules.  Merely because it was Schroeder's job to obtain price quotations does not mean that Milkiewicz – or anyone else – was free to rig the bidding process by colluding with other bidders, by bidding under multiple identities, or by forging and fabricating bid documents.  Whether the victim of such a scheme is a public entity or private, whether bids are solicited pursuant to published regulations or as a matter of custom, such practices constitute fraud under any reasonable understanding of the word.

Milkiewicz's suggestion that the court's procurement rules are somehow irrelevant is doubly anomalous in this case, since one aspect of the charged fraud scheme was that Milkiewicz paid bribes to Schroeder, for the very purpose of abetting Schroeder's violation of his duties.  In this regard, Schroeder's obligations under the procurement rules not only provide the framework in which the fraud unfolded, those obligations are also directly implicated in Milkiewicz's criminal conduct.

Evidence of the court's bidding rules is essential to understanding the nature of the fraud here. There is, notwithstanding Defendant's invocation of Fed. R. Evid. 403, nothing about the procurement rules at issue that is remotely confusing or inflammatory.

In short, Defendant's motion in limine is without merit.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: September 2, 2005

By: */s/Paul G. Levenson*
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147