UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10339-PJB |
| | ) | NH CR04-213-01-PB |
| | ) | |
| STEVEN A. MILKIEWICZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant Steven A. Milkiewicz hereby requests that the

Court give the instructions set forth in the attached pages to the jury, all of which are adapted

from the sources cited. The defendant reserves his right to supplement or modify this request for

jury instructions.

## DEFENDANTS' INSTRUCTION NO. 1

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it you whether you agree with it or not and you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You must set aside any preconceived notions you may have. This means you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of this case.

## DEFENDANTS' INSTRUCTION NO. 2

Any evidence to which an objection was sustained by the court and any evidence ordered stricken by the court must be entirely disregarded. Both sides are obligated to object to the introduction of evidence when they deem it appropriate, and you should not hold that against either side. Anything you have seen or heard outside of this courtroom is not evidence and it too must be entirely disregarded.

## DEFENDANT'S INSTRUCTION NO. 3

A defendant in a criminal case has an absolute right under our Constitution not to testify. You are not permitted to draw any inference of any kind from the fact that the defendant here has exercised this right not to testify. Some defendants, for example, may fear that because they do not express themselves well, or because they do not handle stress well, they may not be good witnesses. Factors such as these -- entirely separate from the guilt or innocence of a defendant -- may cause a defendant, quite properly, to be advised not to testify even if he wishes strongly to do so. This is his right and you may draw absolutely no adverse inference against him for exercising this right and not testifying. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## DEFENDANTS' INSTRUCTION NO. 4

You as jurors as the sole judges of credibility of a witness and the weight of his or her testimony. You should carefully scrutinize all the testimony given, the circumstances under which a witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief on a given matter. Consider a witness's intelligence, motive and state of mind, as well as their demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and to the extent to which if at all each witness is either supported or contradicted by other evidence in the case.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. Further, you may after considering the credibility of each witness believe all, part or none of the testimony of that witness. Evidence that at some time a witness has said or done something or has failed to say or do something which is inconsistent with the witness's testimony at the trial may be considered by you for the purpose of judging the credibility of the witness.

Devitt, Blackmarr, Wolf & O'Malley, <u>Federal Jury Practice & Instructions</u>, Section 15.01.

## DEFENDANT'S INSTRUCTION NO. 5

You have heard testimony from Mr. Schroeder, who testified based on an agreement with the government. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of Mr. Schroeder with particular caution. A witness testifying with an agreement may have had reason to make up stories or exaggerate what others did because he wanted to help himself.

Pattern Crim. Jury Instr. 1st Cir. §2.07 (1998 ed.).

## DEFENDANT'S INSTRUCTION NO. 6

Mr. Schroeder pled guilty to stealing approximately $180,000 from the Clerk's Office in a scheme involving a sham company, M.S. and Associates. There is no allegation that Mr. Milkiewicz had anything to do with Mr. Schroeder's scheme involving M.S. & Associates and I am instructing you that you should not treat Mr. Schroeder's crimes involving M.S. & Associates as having any bearing on Mr. Milkiewicz's guilt or innocence, except to the extent you believe his testimony here may be affected by Mr. Schroeder's desire to seek favorable treatment at sentencing for his crimes involving MS & Associates.

## DEFENDANT'S INSTRUCTION NO. 7

You also heard testimony from Richard Kelly of New England Office Supply, who is an "immunized" witness. An "immunized" witness is someone who has been told either that his crimes will go unpunished in return for his testimony or that his testimony will not be used against him in return for that cooperation. This testimony must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government. The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement he has with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

1A Fed. Jury Prac. & Instr. §15.03 (5th ed.).

-8-

## DEFENDANTS' INSTRUCTION NO. 8

The testimony of a witness may be impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. Such earlier statements can include testimony before a grand jury, or interviews with government agents, which took place earlier than the witness's trial testimony. It is your job to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

## DEFENDANT'S INSTRUCTION NO. 9

A witness for the Government testified about certain documents that purported to summarize expenses and other evidence. Those summaries were admitted into evidence, and it is entirely up to you to determine what weight, if any, to give to the summaries. You are free to disregard them entirely. It is for you to decide whether they accurately, completely and objectively reflect the content of the underlying documents. Your evaluation of the summaries should be based on your consideration of all testimony you heard about who prepared the summaries, the manner in which they were prepared, and the reliability and completeness of the underlying documents.

U.S. v. Drougas, 748 F.2d 8, 25 (1st Cir. 1984).

## DEFENDANT'S INSTRUCTION NO. 10

The essence of conspiracy is an agreement to commit an unlawful act.

Iannelli v. U.S., 420 U.S. 770, 777 (1975); U.S. v. Carter, 815 F.2d 827, 829 (lst Cir. 1987).

## DEFENDANT'S INSTRUCTION NO. 11

However, proof that Mr. Milkiewicz and Mr. Schroeder agreed on a course of action or engaged in similar conduct is not enough to establish a criminal agreement for purposes of Count 1 of the indictment. Mr. Milkiewicz has a constitutional right to associate with whomever he chooses and therefore the mere fact that Mr. Milkiewicz associated with Mr. Schroeder is not evidence of a criminal agreement.

The Government must prove that there was a mutual understanding between Mr. Milkiewicz and Mr. Schroeder to cooperate with each other to commit the crime of defrauding the United States. If the evidence leaves you with a reasonable doubt about whether Mr. Milkiewicz intended to enter an agreement to commit those crimes, then you must find him not guilty of conspiracy.

Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 3.02 (1991), cited in Federal Jury Practice and Instructions, §28.04 at 21 (1994 Supp.).

## **DEFENDANT'S INSTRUCTION NO. 12**

At various times, the prosecution has used the word "bids" to describe pricing information sent to Mr. Schroeder and/or other individuals responsible for procurement at the courthouse. There is no federal law or regulation requiring a "bid" process for the purchasing at issue in this case. Rather, the government relies on a private, internal "administrative manual" called, "Guide to Judiciary Policies and Procedures" outlining the Clerk's Office's recommended buying process. In addition, you should keep in mind that the government has not charged Mr. Milkiewicz with any violation of a criminal statute directed at "bidding" or directed to procurement. Thus, in reaching a verdict, you are to consider only the crimes charged in the indictment.

## DEFENDANT'S INSTRUCTION NO. 13

The crimes charged in this case are serious crimes which require proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that each defendant knowingly and willfully did an act which the law forbids, purposefully intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

An act or failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of some mistake or accident or other innocent reason. Federal Jury Practice and Instructions, §14.03; United States v. Stephens, 799 F.2d 232, 241 (5th Cir. 1985); United States v. Rapp, 871 F.2d 951, 964 (11th Cir. 1989), cert. denied, 110 S.Ct. 2897; United States v. Kelley, 615 F.2d 378, 380 (5th Cir. 1980); United States v. Bush, 599 F.2d 72, 76 n. 8 (5th Cir. 1979).

An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. Federal Jury Practice and Instructions, §17.05.

-14-

STEVEN A. MILKIEWICZ,
By his attorneys,


_____ /s/    Bruce A. Singal_____
Bruce A. Singal, BBO#464420
Michelle R. Peirce, BBO #557316
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA  02108
(617) 720-5090

Dated:   September 6, 2005

## CERTIFICATE OF SERVICE

I, Bruce A. Singal, hereby certify that I have caused copies of the foregoing document to
be served upon by hand delivery, to be served upon Maryanne Michaelis, Clerk, United States
District Court, District of New Hampshire, 55 Pleasant Street, Room 110, Concord, NH 03301-
3941 and Paul Levenson, Assistant U.S. Attorney, United States Attorney's Office, One
Courthouse Way, Suite 9200, Boston, MA  02210, this 6th day of September, 2005.


_____ /s/    Bruce A. Singal_____
Bruce A. Singal

-15-