UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN A. MILKIEWICZ,<br><br>Defendant. | CRIMINAL NO. 04-10339-PJB<br>NH CR04-213-01-PB |

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant Steven A. Milkiewicz hereby requests that the Court give the instructions set forth in the attached pages to the jury, all of which are adapted from the sources cited. These requests supplement, and are numbered as a continuation of, defendant's previously-filed Jury Instructions. The defendant reserves his right to supplement or modify this request for jury instructions.

## DEFENDANTS' INSTRUCTION NO. 14

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not just a mere formality. It is a matter of the utmost important and substance.

The presumption of innocent alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Steven Milkiewicz, has the benefit of this presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Milkiewicz is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Milkiewicz. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Milkiewicz has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any element of a crime charged against him.

Thus, in this case, Mr. Milkiewicz has no burden to produce evidence of where he purchased certain goods that the government believes he did not provide to the Clerk's Office from 1997-2002; you may not take Mr. Milkiewicz's inability or failure to prove what he bought as evidence against him and to do so would be an improper shifting of the burden of proof from the government, where it belongs, to Mr. Milkiewicz.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Milkiewicz's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of the evidence, you are satisfied beyond a reasonable doubt of his guilt of a particular crime, you should vote to convict him.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it you whether you agree with it or not and you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You must set aside any preconceived notions you may have. This means you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of this case.

Adapted from Pattern Crim. Jury Instr. 1st Cir. §3.02 (1998 ed.).

## DEFENDANT'S INSTRUCTION NO. 15

You should never convict a defendant based upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that Mr. Schroeder has entered a plea of guilty to the offense charged is not evidence of guilt of any other person, including Mr. Milkiewicz.

Adapted from 1A Fed. Jury Prac. & Instr. §15.04 (5th ed.).

## DEFENDANT'S INSTRUCTION NO. 16

Mr. Milkiewicz has a constitutional right to associate with whomever he chooses. The mere fact that you believe Mr. Milkiewicz associated with Mr. Schroeder is not evidence of a criminal agreement.

Likewise, evidence of gambling or drinking is not evidence of a criminal agreement and you must put aside any personal beliefs you have about either gambling or drinking in evaluating the charges before you.

## DEFENDANT'S INSTRUCTION NO. 17

*[Defendant objects to the admission of the government's summary chart. This instruction is proposed only in the event the Court allows the chart to be admitted in its current format.]* The government has introduced evidence that Mr. Milkiewicz made approximately $155,000 in profit over the six-year period from 1997 to 2002 from business he did with the court related to goods the parties agree he delivered as ordered. There is no allegation and no evidence that this profit was too high or excessive. To the extent you believe you have heard evidence suggesting that these amounts were excessive, I am instructing you that there is no such evidence and that Mr. Milkiewicz's prices should have no bearing during your deliberations.

DEFENDANT'S INSTRUCTION NO. 18

It is the defendant's belief that the government has not proven beyond a reasonable doubt that Mr. Milkiewicz submitted the forged or fraudulent "quotes" that the government introduced at trial. It is the government's burden to prove to you beyond a reasonable doubt that Mr. Milkiweicz, and not Mr. Schroeder or some other individual, submitted the price quotes, or caused them to be submitted.

## DEFENDANT'S INSTRUCTION NO. 19

You heard testimony from Mr. and Mrs. Milkiewicz's tax preparer, James Keegan. It is defendant's theory of the case that Mr. Milkiewicz did not knowingly file a false tax return and it is also defendant's theory that incorrect reporting, if any, was due to mistake. Evidence has been presented of Mr. Milkiewicz's carelessness, negligence, ignorance, and mistake. Such evidence may be inconsistent with the requisite state of mind concerning the tax charges. If after considering the evidence of carelessness, together with all the other evidence, you have a reasonable doubt that Mr. Milkeiwicz had the intent to commit the tax crimes charged, you must find him not guilty. Pattern Crim. Jury Instr. 1st Cir. §5.02 (1998 ed) (general instruction on state of mind adapted for tax counts in this case). But keep in mind that the burden of proving intent or willfulness remains always on the government; that never changes, even where defendant provides evidence of mistake or carelessness.

## DEFENDANT'S INSTRUCTION NO. 20

Evidence has been presented of Mr. Milkiewicz's carelessness, negligence, mistake, and general sloppiness in record keeping. Such carelessness may be inconsistent with willfulness and intent for the other crimes alleged. If after consideration of the evidence of Mr. Milkiewicz's carelessness and sloppiness, together with all the other evidence, you have a reasonable doubt that he acted willfully or knowingly, then you must find Mr. Milkiewicz not guilty.

Pattern Crim. Jury Instr. 1st Cir. §5.02 (1998 ed.).

<u>DEFENDANT'S INSTRUCTION NO. 21</u>

You have heard evidence that Mr. Schroeder has a written agreement with the government that may affect his sentence. Under that written agreement, Mr. Schroeder has agreed to cooperate in this case against Mr. Milkiewicz. Following this case, the government, in its discretion, may make a motion to the court stating that Mr. Schroeder provided substantial assistance in this case and may request that the Court reduce Mr. Schroeder's jail sentence as a result of that assistance. The sentencing decision belongs to the Court. However, the Court may only reduce Mr. Schroeder's sentence as a result of his cooperation with the government if the government asks the Court to do so.

STEVEN A. MILKIEWICZ,
By his attorneys,


_____/s/___Bruce A. Singal_____
Bruce A. Singal, BBO#464420
Michelle R. Peirce, BBO #557316
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
(617) 720-5090

Dated: September 12, 2005

## CERTIFICATE OF SERVICE

I, Bruce A. Singal, hereby certify that I have caused copies of the foregoing document to be served upon by hand delivery, to be served upon Paul Levenson, Assistant U.S. Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210, this 12th day of September, 2005.


_____/s/___Bruce A. Singal_____
Bruce A. Singal