# UNITED STATES GOVERNMENT
## MEMORANDUM

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2006 FEB -7 P 4: 59

## U. S. PROBATION OFFICE

**DATE:**   February 7, 2006

**TO:**    Hon. James R. Muirhead
U.S. Magistrate Judge

**FROM:**   Jodi L. Lines
U.S. Probation Officer                *04-cr-10339*

**RE:**    U.S.A. v. Steven Milkiewicz, ~~Cr. 05-194-01 JD~~ *PB*

## Report of Bail Violation - Warrant Recommended

Release Status

Steven Milkiewicz was released on bail December 30, 2004, after an initial appearance in the United States District Court in the District of Massachusetts, where he appeared pursuant to a summons. On December 27, 2005, the defendant, having been convicted after trial of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; False Claims Against the United States, in violation of 18 U.S.C. §§ 287 and 2; and, Filing False Tax Returns, in violation of 26 U.S.C. § 7206(1) (a total of 13 Counts), was sentenced by U.S. District Judge Paul J. Barbadoro in the District of Massachusetts. Milkiewicz was permitted to remain at liberty until his self-surrender to the institution designated by the Bureau of Prisons by 2:00 pm on March 22, 2006 to begin serving a sentence of 41 months imprisonment. In the interim, he was ordered released on personal recognizance on the same conditions of bail previous set which, in addition to the standard conditions, include the following special conditions:

(6.) The defendant shall:

> (a.) report on regular basis to Pretrial Services as directed.
> (b.) maintain or actively seek employment.
> (c.) refrain from possessing a firearm, destructive device, or other dangerous weapons.
> (d.) surrender any firearm(s) to Clerk, U.S. District Court, 55 Pleasant Street, Concord, NH.
> (e.) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
> (f.) restrict travel to the State(s) of New Hampshire and Massachusetts. Any other travel must be pre-approved by the pretrial services office or the supervising officer.
> (g.) refrain from excessive use of alcohol.
> (h.) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.                *w/i 2/8/06*

James R. Muirhead
February 7, 2006
Page 2

The defendant has filed a timely appeal of the conviction and sentencing, but no order has yet been issued by the First Circuit Court of Appeals.

<u>Details of Violation/U.S.P.O. Response</u>

The defendant has violated standard condition #1 ("The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case") and standard condition #6(g) ("The defendant shall refrain from excessive use of alcohol") by virtue of his being intoxicated on February 4, 2006 and subsequently being arrested by Scituate (MA) Police Department and charged with Assault & Battery with Dangerous Weapon, Assault & Battery of Police Officer, Threatening to Commit Crime (2 Counts), and Resisting Arrest.

This officer has attached a copy of the police incident report and complaints filed against the defendant in the Hingham (MA) District Court.  Essentially, police responded to the defendant's residence due to a report of minors drinking.  The defendant returned to his residence and was observed by police to be intoxicated and wandering around the street near a vehicle that had earlier been abandoned at that location.  Police directed the defendant to go inside so that he did not get injured.  The defendant reportedly became belligerent with police and did not obey the officers' orders.  When the officers went to place him into protective custody, Milkiewicz became combative, made threatening remarks to the officers, and resisted arrest.  Once at the police station, the defendant allegedly dropped to the floor and kicked an officer in the leg with his foot.

According to the Scituate (MA) Police Department, the defendant was released on cash bail.

<u>Summary of Compliance</u>

The defendant has been on pretrial supervision with this office since December 30, 2004 under least restrictive conditions.  He has not presented any problems or noncompliance issues until this incident, but he obviously ignored the Court's order to not drink alcohol to excess which in all likelihood contributed to his assaultive conduct.  The fact that Milkiewicz has committed the above violations after being convicted and sentenced to serve a substantial period of imprisonment, in this officer's view, indicates that he poses a risk of danger to the public and a risk of nonappearance for service of his sentence.

<u>Recommendation</u>

The defendant has violated his conditions for pretrial release by drinking to excess and being arrested for new criminal conduct.  Therefore, it is the recommendation of this office that a warrant be issued for his arrest, and that he be brought before this Court to show cause why his conditions of release should not be revoked.

James R. Muirhead
February 7, 2006
Page 3

Reviewed by:

DANIEL GILDEA
Supervising U.S. Probation Officer

Jodi L. Lines
U.S. Probation Officer

*************************************************************************

THE COURT ORDERS

[ ]    No Action
[ ✓ ]    The Issuance of a Warrant / Matter Sealed Pending Arrest
[ ]    The Issuance of a Summons
[ ]    Other

James R. Muirhead
United States Magistrate Judge

cc: U.S. Attorney

Order Setting Conditions of Release (AO 199ABC 6/97-5/99-6/97)

FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## District of MASSACHUSETTS

2000 FEB 10  P 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

v.

Steven A. Milkiewicz
Defendant

### ORDER SETTING CONDITIONS
### OF RELEASE

Case Number:  CR 04-10339-PJB (MA)
CR.04-213-01-PB (NH)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒    The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒    The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒    The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☐    The defendant shall appear at U.S. District Court, 55 Pleasant St., Concord, NH on _____ _____ at _____ for _____ and when and where as ordered by the Court.

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

☐    The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

☐    The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____ ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

USDCNH-40 (9-03)(Previous Editions Obsolete)                                    Page 1 of 4

Order Setting Conditions of Release (AO 199ABC 6/97-5/99-6/97)

## Additional **Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐    The defendant is placed in the custody of:

_____

_____

_____    Tel: _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy

☑  The defendant shall:

☑  report on a regular basis to the supervising officer.

☑  maintain or actively seek employment.

☑  refrain from possessing a firearm, destructive device, or other dangerous weapons.

☑  surrender any firearm(s) to Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.

☐  surrender any passport to Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.

☐  obtain no passport.

☑  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

☐  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

☐  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

☐  defendant detained until he/she can be released directly into an inpatient treatment facility.

☑  restrict travel to the State(s) of New Hampshire **♦    M AssachusettS**_____. Any other travel must be pre-approved by the pretrial services office or the supervising officer.

☐  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
_____.

☐  have no unsupervised contact with any minor children.

☑  refrain from [  ] any [✓] excessive use of alcohol.

☐  participate in the following home confinement program components and abide by all the requirements of the program:

   ☐  Curfew: You are restricted to your residence every day [  ] from _____ to _____, or
   [  ] as directed by the pretrial services office or supervision officer, or

Order Setting Conditions of Release (AO 199ABC 6/97-5/99-6/97)

    ☐    Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

    ☐    Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

    ☐    the home confinement program will include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

☐  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

☐  undergo medical or psychiatric treatment and/or remain in an institution as follows:_____

☐  execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____

☐  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____

☐  execute a bail bond with solvent sureties in the amount of $_____

☐  return to custody each (week)day as of _____ after being released each (week)day as of _____ for employment, schooling or the following limited purpose(s) _____

☐  maintain or commence an education program.

☐  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

☐  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

☐  Other: _____

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

Order Setting Conditions of Release (AO 199ABC 6/97-5/99-6/97)

If after release you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: _____ 2/30/04 _____

_____
Signature of Defendant

119 Summea ST
Street Address

SITUATE, MA 02066    (781) 545 7340
City, State, Zip Code          Telephone

## Directions to United States Marshal

☐  The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

☑  The defendant is ORDERED released after processing.

Date: _____ 1/30/04 _____

_____
☑ United States Magistrate Judge
☐ United States District Judge

cc:  Defendant
     U.S. Attorney
     U.S. Marshal
     U.S. Probation
     Defense Counsel

AO 2 (05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                 Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
### V.

### STEVEN MILKIEWICZ

### JUDGMENT IN A CRIMINAL CASE

Case Number: 1:  04 CR 10339  - 002 - PB

USM Number: 25470-038

Bruce Singal, Esq. Michelle Peirce, Esq.

Defendant's Attorney

☐ Additional documents attached

☐

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☑ was found guilty on count(s)  1, 2-9, 17-20 of Superseding Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to defraud the United States | 07/03/02 | 1 |
| 18 USC 7 and 2 | False claims against the United States | 04/22/02 | 2 - 9 |
| 26 US 06(1) | Filing false tax returns | 08/17/01 | 17-20 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  11 and 21 of Superseding Indictment

☐ Count(s)  ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/22/05

Date of Imposition of Judgment

Signature of Judge

The Honorable Paul Barbadoro

Judge, U.S. District Court Sitting by Designation

Name and Title of Judge

12-27-05

Date

AO (2005-MA)     (Rev. 06/05) Judgment in a Criminal Case
                 Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:   STEVEN MILKIEWICZ                          Judgment — Page __2__ of __6__
CASE NUMBER: 1: 04 CR 10339  - 002 - PB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:      41      month(s)

on counts 1-9 and 36 months on counts 17-20, all to be served concurrently

[✓] The court makes the following recommendations to the Bureau of Prisons:

at a facility as close to family members as possible, but not at the same facility as co-defendant Timothy
Schroeder.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____  [ ] a.m.  [ ] p.m.  on _____ .

   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [✓] before 2 p.m. on   03/22/06 _____ .

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

                                            _____
                                            UNITED STATES MARSHAL

                                    By _____
                                            DEPUTY UNITED STATES MARSHAL

⌐AO 2...(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT:    **STEVEN MILKIEWICZ**

Judgment--Page ___3___ of ___6___

CASE NUMBER: 1: 04 CR 10339 - 002 - PB

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    36    month(s)

on counts 1 - 9,  and 1 year on counts 17-20 all to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

&AO 2 5B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:    **STEVEN MILKIEWICZ**                                          Judgment—Page ___4___ of ___6___
CASE NUMBER: **1: 04 CR 10339   - 002 - PB**

## ADDITIONAL ☑ SUPERVISED RELEASE☐PROBATION TERMS

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

2. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

5. The defendant shall participate in a program of gambling addiction treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

6. The defendant shall report to the I.R.S. and file true and accurate returns for tax years 1997 through 2000 within 30 days of release from custody and thereafter abide by any tax repayment schedule established by the I.R.S.

7. The defendant shall cooperate with the I.R.S. in rectifying his tax liability, including by any tax repayment schedule established by the I.R.S.

8. The defendant shall timely file his federal income tax returns during the term of supervision.

AO 2 5-MAT   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D Massachusetts - 10/05

DEFENDANT:   STEVEN MILKIEWICZ

CASE NUMBER: 1: 04 CR 10339  - 002 - PB

Judgment — Page ___5___ of ___6___

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $    $1,300.00 | $ | $    $196,796.63 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States District Court | | $196,796.63 | |

☐ See Continuation Page

| | | | |
|---|---|---|---|
| TOTALS | $ _____ $0.00 | $ _____ $443,309.46 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-05-MA)     (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: STEVEN MILKIEWICZ
CASE NUMBER: 1: 04 CR 10339 - 002 - PB

Judgment — Page   6   of   6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

     At commencement of the term of supervised release the probation officer shall review the defendant's financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several     ☐ See Continuation Page

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     Timothy Schroeder, 04-cr-10339-01, $196796.63, except that no further payment shall be required after the sum of the amount is actually paid by all defendants has fully covered all of the compensable injuries.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U. . . . . . . . COURT
DISTRICT OF . . .
. . . .

2005 DEC 29  A 10: 1.

UNITED STATES OF AMERICA,        )
                                 )
v.                               )        CRIMINAL NO. 04-10339-PJB
                                 )        NH CR04-213-01-PB
STEVEN A. MILKIEWICZ,            )
                                 )
        Defendants.              )
_____)

## NOTICE OF APPEAL

Notice is hereby given that Steven A. Milkiewicz, defendant in the above-named case,

hereby appeals to the United States Court of Appeals for the First Circuit from the verdicts of

guilty returned on September 16, 2005, and from the sentence imposed at a hearing on December

22, 2005.

                        Respectfully submitted,

                        STEVEN MILKIEWICZ,


                        ___/s/ Michelle R. Peirce_____
                        Bruce A. Singal, BBO#464420
                        Michelle R. Peirce, BBO #557316
                        Donoghue, Barrett & Singal, P.C.
                        One Beacon Street, Suite 1320
                        Boston, MA  02108
                        (617) 720-5090

Dated:    December 27, 2005

CERTIFICATE OF SERVICE

I, Michelle R. Peirce, hereby certify that I have caused a copy of the foregoing document to be served upon by first class mail, postage prepaid, to be served upon Maryanne Michaelis, Clerk, United States District Court, District of New Hampshire, 55 Pleasant Street, Room 110, Concord, NH 03301-3941 and Paul Levenson, Assistant U.S. Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA  02210, this 27th day of December, 2005.

/s/ Michelle R. Peirce
Michelle R. Peirce