**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

<u>United States of America</u>

    v.                            Case No. 04-CR-10339-002-PB

<u>Steven A. Milkiewicz</u>

**O R D E R**

    Defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.

    Defendant has been found guilty of Conspiracy to Defraud the United States (Count 1), False Claims against the United States (Counts 2-9) and Filing False Tax Returns (Counts 17-20).  He has been sentenced to a prison term of forty-one months.  Judge Barbadoro ordered that he self-surrender on March 22, 2006 and continued his bail conditions.

    Probation charged that he violated bail condition #1 (commit no crime) by Assault & Battery of a Police Officer, an Assault & Battery with a Dangerous Weapon (shod foot), two counts of Threatening To Commit Crime and Resisting Arrest.  He is also charged with violating bail condition #6(g) (refrain from excessive alcohol).

    A hearing was held on February 13, 2006.  Officer Bulman of the Scituate Police Department testified that on the evening of

February 3rd he responded to the area of defendant's home on a complaint of youth disturbances.  Although he did not approach with his siren on, the officer following him had activated his siren and the youths scattered into the nearby woods.  Some young people were visible peering out windows of defendant's home.

He testified that several vehicles had been abandoned by the youths and some posed a traffic hazard.  Parents who owned various of the vehicles were reached and asked to come remove them.  Mrs. Milkiewicz was reached at a fund-raising event and was asked to come home.  She did so.  Approximately one-half hour later Mr. Milkiewicz was encountered near a pick-up truck which was half on defendant's property and half on the road.  Officer Bulman observed that Milkiewicz was walking unsteadily.  Milkiewicz ordered the officer off his property.  When Officer Bulman pointed out that they were on the street and that Milkiewicz should go into his house or risk protective custody, Milkiewicz began shouting unintelligibly.  The officer stated that defendant was slurring his words; swaying and smelling of alcohol.

Officer Whittier also approached defendant and ordered him to return to his house.  Officer Bulman told defendant that he

was intoxicated on a dark street with cars going by.  At that point defendant shoved Officer Bulman and he was placed under arrest for assault and battery on a police officer.  He began swearing and screaming threats that he would kill the officer's wife and children and slit his throat.  In the cruiser his threats continued and he spit at Officer Bulman.

At the station, Officer O'Brien came down to assist in escorting defendant to the booking area.  He resisted by making himself dead weight.  As officers attempted to guide him to a chair his high level of intoxication caused him to slip to the floor.  When Officer O'Brien approached to assist him defendant kicked him in the shin.

Milkiewicz testified on his own behalf.  He attributes all of his conduct to a "diabetic attack" while denying that he shoved the officer, having any recollection of making threats or swearing, or kicking an officer.  He says he was nauseous, unsteady and disoriented.  His blood glucose level was elevated to 490, he states.  He attributed his appearance and conduct to eating cheese, candy, brownies and having three glasses of wine.  In short, he claims the so-called "Twinkie" defense that he was not intoxicated but having a diabetic reaction.

The problem is (1) that I did not find him credible and (2) the "Twinkie defense" is most appropriately raised on behalf of diabetics who have an event due to extremely low blood sugar. I accept that Milkiewicz is diabetic and that his blood glucose level was 490 (i.e. he was hyperglycemic). "Hypoglycemia (abnormally low levels of blood glucose) is frequently seen in connection with . . . unjustified DUIs or, DWIs, stemming from hypoglycemic symptoms that can closely mimic those of a drunk driver." See "Hypoglycemia: Driving Under The Influence" Vol. 8, Issue 1, Medical and Toxicological Information Review (September 2003). Hyperglycemia, the condition defendant claims, may cause lethargy, nausea and irritability but it does not appear to have been recognized in reported cases as being a false indicator of intoxication. I find that defendant consumed an excessive amount of alcohol. The officers' testimony as to their observations of signs of intoxication, the defendant's behavior, the lack of evidence to support defendant's claim that his high glucose level was responsible for his behavior and the hearsay evidence[1] of a .29 blood alcohol level combined conclusively establish that defendant consumed an excessive amount of alcohol.

---

[1] Admissible under Fed. R. Evid. 1101(d)(3).

In find probable case to believe defendant committed five state crimes in violation of bail condition #1 and by clear and convincing evidence that he violated condition #6(g).

Accordingly, it is **ORDERED** that the defendant's bail is revoked.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement pursuant to his sentence imposed on December 22, 2005.

**SO ORDERED.**

                                                    _/s/ James R. Muirhead_
                                                  James R. Muirhead
                                                  United States Magistrate Judge
                                                  Sitting By Designation

Date: February 15, 2006

cc:   Terrence McCarthy, Esq.
      Paul G. Levenson, Esq.
      William A. Brown, Esq.
      U.S. Marshal
      U.S. Probation